OPINION OF THE COURT
 

 Memorandum.
 

 Order of the Appellate Division reversed, with costs, and the judgment of Supreme Court, denominated an order and judgment, reinstated. It is not necessary that the town board support its dismissal of petitioner police officer with a finding of moral turpitude or deviance. On the instant charges, arising out of an automobile accident, it was found that petitioner failed to use good skill and judgment, failed to obey traffic regulations, and displayed incompetence in operating a department vehicle. In addition, in arriving at a sanction, the board recognized, as it was entitled to, that petitioner’s generally unfavorable driving record indicated, among other things, two prior personal injury motor vehicle accidents
 
 (Matter of Bal v Murphy,
 
 43 NY2d 762). A police force, especially a small police force in a rural community, occupies a publicly exposed sensitive status, and would properly be embarrassed by repeated motor vehicle accidents involving one of its members, despite his otherwise good record in the department. Hence, it
 
 *996
 
 cannot be said that dismissal was "so disproportionate to the offense as to be shocking to one’s sense of fairness”
 
 (Matter of Pell v Board of Educ.,
 
 34 NY2d 222, 237).
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
 

 Order reversed, with costs, and the judgment of Supreme Court, Onondaga County, reinstated in a memorandum.