OPINION OF THE COURT
Jones, J.
After a civil service employee has been found guilty of misconduct the public employer may consider material included in the employee’s employment record in determining an appropriate sanction; however, the employee must first be given notice of the data to be considered and an opportunity to submit a written response relative to such information.
By this article 78 proceeding petitioner employee challenges his dismissal by respondent Village Board from a position as village police officer after a departmental hearing pursuant to section 75 of the Civil Service Law on five charges that had been lodged against him. The hearing officer had exonerated petitioner of four of the charges but found him guilty of the fifth involving issuance of a bad check. Noting that the record before him was silent as to petitioner’s employment record, he had recommended that a 30-day suspension without pay be imposed as a sanction.
The Village Board, after reviewing a transcript of the hearing, adopted the findings of fact made by the hearing *473 officer and found petitioner guilty of the bad check charge. In connection with fixing the penalty, however, without notice to the officer it also reviewed his record of employment maintained by the Chief of Police, which included documents disclosing that a charge of violation of the Conservation Law on July 15,1975 had been compromised by petitioner’s payment of a fine and that, with respect to two charges of disobedience of an order and dereliction of duty on May 2, 1980, petitioner had waived the right to a hearing and accepted a sanction of temporary loss of duty without pay. The notice of determination thereafter issued by the Board advised petitioner of the Board’s acceptance of the hearing officer’s findings and of its own finding of guilt and stated that “after reviewing your record of employment in connection with fixing a penalty” it was imposing a punishment of dismissal.
Petitioner thereafter instituted this article 78 proceeding to annul his dismissal, challenging the action of the Board in inspecting his personnel file and considering its contents in imposing the penalty that it did. Supreme Court found no impropriety on the part of the Board, noting that the employment record had been considered by neither the hearing officer nor the Board in the determination of petitioner’s guilt and that consideration of the contents of such record was permissible for determination of an appropriate penalty for the proved charge. Rejecting a claim by petitioner that the penalty was irrational, arbitrary and capricious, the court observed that, even without resort to petitioner’s employment record, the penalty imposed was rational.
The Appellate Division affirmed Special Term’s dismissal of the petition, casting doubt on the propriety of the Board’s examination of the contents of petitioner’s employment record without its having been introduced at the hearing or petitioner having been given an opportunity to respond to its contents, but concluding that, because the penalty imposed was appropriate for the violation established “regardless of petitioner’s prior employment record” (98 AD2d, at p 934), remittal for reconsideration of the penalty was unnecessary. On petitioner’s appeal by our leave, we reverse.
*474 It must be observed at the outset that this is not an instance in which material outside the record of the disciplinary hearing was considered in the adjudicatory determination of petitioner’s guilt — the practice that we condemned in Matter of Simpson v Wolansky (38 NY2d 391). Here, recourse to petitioner’s employment record maintained by the Chief of Police was had — and properly so — only after there had been a decision, based on the hearing transcript, that the police officer’s misconduct had been established. In the determination of an appropriate sanction for a proved present act of misconduct an employee’s past history contained in the departmental file, including both material which is commendatory and that which reflects unfavorably on the employee, is relevant and appropriately taken into account (Matter of Gibides v Powers, 45 NY2d 994; Matter of Bal v Murphy, 43 NY2d 762; Matter of Pell v Board of Educ., 34 NY2d 222,240). Accordingly, in the present case the Village Board was entitled, and in the responsible discharge of its duty it might even be said required, to give attention to the documents disclosing earlier dispositions of charges of violation of statute and of misconduct in connection with petitioner’s employment.
Fundamental fairness to petitioner (although not rising to the dignity of constitutional entitlement), as well as regard for the integrity of the Board’s consideration of his employment record, however, required that examination of the documents in his file not be ex parte. Petitioner should have been informed of the adverse material which was contained in his personnel file prior to the Board’s determination of sanction and at a time sufficient to have permitted him an opportunity to furnish to the Board a written response. Such notice to an employee for whom discipline is impending will permit discovery of any error in the compilation of the employment record as well as afford the employee an opportunity to put before the disciplining body any relevant ameliorating data so as to assure that the body is in a position to make a considered judgment of the significance to be attached to prior, unfavorable incidents. In the present case, petitioner does not dispute the accuracy of the documents contained in his file which record the dispositions of the 1975 and 1980 charges *475 against him; this of course would not necessarily be so in the instance of every disciplined employee. He does, however, seek to tender matter in mitigation — i.e., the reason for his conduct which was the basis of the charge of violation of the Conservation Law. Whether an employee on whom discipline is about to be imposed would offer challenge to the records included in his file or would submit mitigating information concerning the data contained, prior notice of the material to be considered would in either event be a prerequisite.
In a somewhat similar context we have, in the interest of nonconstitutional fundamental fairness, encouraged disclosure of matter that may enter into the determination of a sentence in a criminal action (People v Perry, 36 NY2d 114, 120; cf. L 1975, ch 310, § 1, amdg CPL 390.50).
Because such prior notice was lacking in petitioner’s case, the matter must be remitted to respondent Village Board for compliance with the procedure here described and to afford petitioner opportunity for a written responsive submission. The error in failing to have given petitioner notice of the content of his personnel file cannot be disregarded, as the court below has suggested because in its view the charge of which petitioner had been found guilty itself provided adequate basis for dismissal irrespective of his employment record. There can be no assurance that the Village Board, which was vested in the first instance with authority to select an appropriate sanction, would have imposed dismissal in face of whatever submission petitioner might have furnished with respect to the data included in his personnel file. A remittal of the matter to that body for the exercise of its judgment is therefore required (Matter of Admiral Wine & Liq. Co. v State Liq. Auth., 61 NY2d 858; cf. Matter of von Wiegen, 63 NY2d 163).
Accordingly, the order of the Appellate Division should be reversed, with costs, and the case remitted to Supreme Court with direction to return it to the Village Board for determination of an appropriate penalty in accordance herewith.
Chief Judge Cooke and Judges Jasen, Wachtler, Meyer, Simons and Kaye concur.
*476 Order reversed, with costs, and matter remitted to Supreme Court, Essex County, with directions to return it to the Village Board for further proceedings in accordance with the opinion herein.