■ In the Matter of JULIA SMITH, Petitioner, v GEORGE F. TOMLINSON, as Mayor of the City of Beacon, et al., Respondents. — Proceeding pursuant to CPLR article 78, *inter alia*, to review a determination of the respondent Mayor of the City of Beacon, dated April 22, 1983, which, after a hearing, sustained two charges of misconduct against petitioner and dismissed her from employment with the respondent City of Beacon Police Department.

Petition granted to the extent that the determination is modified, on the law, by vacating the penalty imposed. As so modified, determination confirmed, without costs or disbursements, proceeding otherwise dismissed on the merits, and matter remitted to the respondent Mayor of the City of Beacon for the imposition of an appropriate penalty in accordance herewith.

Petitioner, a police officer, was scheduled to work the midnight to 8:00 A.M. shift on March 2, 1983. At about 4:50 P.M. on March 1, petitioner telephoned the desk officer and informed him that she was "calling in sick". While on patrol, Sergeant Sklenar, the shift commander, found petitioner in a local bar playing pool at about 2:15 A.M., after observing petitioner's car parked in front of a bar at approximately 1:15 A.M. and verifying by computer check that it was her car. Charge number one, feigning illness or disability, and charge number two, leaving her residence or place of confinement without the written consent of her physician or the express permission of the chief of police while on sick leave, were sustained after a hearing conducted on April 7, 1983, pursuant to Civil Service Law § 75.

Petitioner testified at the hearing that she had called in sick because she incurred muscle tears in both thighs during karate training on February 28, 1983 and was unable to perform police work, albeit she was ambulatory. Petitioner produced a doctor's certificate, dated March 1, 1983, to corroborate her claim, but the doctor did not testify.

During the hearing, petitioner acknowledged that she had been confronted by Sergeant Sklenar outside the bar on March 2 and that a conversation ensued regarding her presence in that establishment after having reported in sick. Later that day petitioner also spoke with the chief of police, who advised her that charges would be brought against her based on the sergeant's report of this incident and that the Mayor had recommended that she be suspended for 30 days pending a hearing on the charges. Although presented with an opportunity to speak, petitioner never informed either superior of the nature of her

illness or disability nor proffered the doctor's certificate, which was purportedly in existence at the time of these conversations. Notwithstanding alleged departmental practices, the unnaturalness of petitioner's failure, at the time of the foregoing conversations, to inform her superiors of the nature of her illness or disability and to tender the doctor's certificate, supports the hearing officer's finding that petitioner's disability excuse, raised for the first time at the hearing, was not credible. Consequently, there was substantial evidence in the record to sustain charges numbers one and two.

Despite the fact that the finding of guilt on charges numbers one and two was supported by the record, the penalty imposed must be vacated. On appeal the respondents have argued that the penalty of dismissal was warranted by the seriousness of the charges upon which petitioner was convicted *and by her entire employment record,* including an incident in which petitioner allegedly appeared in public while off-duty in an intoxicated condition and left her firearm in an unlocked car, and another incident in which she allegedly failed to obey a lawful order without cause or justification. Although a public employer may consider other instances of misconduct and incompetence contained in an employee's record in determining a penalty appropriate to a proven charge (*Matter of Gibides v Powers*, 45 NY2d 994; *Matter of Bal v Murphy,* 43 NY2d 762; *Matter of Pell v Board of Educ.,* 34 NY2d 222, 240), the employee must first be given notice of the data to be considered and an opportunity to submit a written response relative to such information (*Matter of Bigelow v Board of Trustees,* 63 NY2d 470). Since such prior notice was lacking in petitioner's case, the matter must be remitted to respondent Mayor for a de novo determination of an appropriate sanction in compliance with the procedure set forth in *Matter of Bigelow v Board of Trustees (supra),* and to afford petitioner an opportunity for a written responsive submission.

We have reviewed petitioner's other contentions and find them to be without merit. Mollen, P. J., Titone, O'Connor and Rubin, JJ., concur.