■ In the Matter of RAINELLE CROMWELL, Appellant, v CHARLES W. BATES, as Commissioner of the Department of Social Services of the County of Westchester, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination dated December 3, 1984, which dismissed the petitioner from her position as a senior examiner with the Westchester County Department of Social Services, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Meehan, J.), dated April 18, 1985, which dismissed the proceeding.

Judgment affirmed, with costs.

In a prior proceeding to review a determination dismissing the petitioner from her position as a senior examiner, we confirmed so much of a determination of the Commissioner of the Department of Social Services of the County of Westchester as found that she had committed a serious crime. Based upon our finding that a second charge against her was not supported by substantial evidence, we remitted to the respondent for reimposition of a penalty *(see, Matter of Cromwell v Bates,* 105 AD2d 699). Upon remittitur, the commissioner again imposed the penalty of dismissal, nunc pro tunc, as of the date of the original determination. Petitioner contends that the nunc pro tunc dismissal was improper, and that she

is entitled to back wages for the period between the original termination decision and the subsequent termination decision, relying on a line of cases beginning with *Matter of Amkraut v Hults* (21 AD2d 260, *affd* 15 NY2d 627; *see also, Matter of Sinicropi v Bennett,* 60 NY2d 918). The petitioner's reliance is misplaced, as the cases cited represent an entitlement to back wages pursuant to Civil Service Law § 75 (3) "[p]ending the hearing and determination of charges of * * * misconduct". The petitioner was not entitled to a new hearing upon remittitur, as we confirmed in part the finding of misconduct based upon her conviction of a felony. Where a matter is remitted merely for a redetermination of a penalty, a petitioner would be entitled to a back pay award only in the event that a reduction in penalty ensued *(see, Matter of Phinn v Kross,* 26 Misc 2d 889, *affd* 15 AD2d 641; *cf. Matter of Amkraut v Hults,* 21 AD2d 260, 262, *affd* 15 NY2d 627, *supra* [distinguishing *Matter of Phinn v Kross, supra]).*

Having found the petitioner's remaining contentions to be without merit, we affirm the dismissal of the proceeding *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 240; *Foley v Roche,* 86 AD2d 887). Mollen, P. J., Gibbons, Brown, Niehoff and Eiber, JJ., concur.