■ CHARLES DE MARTINO, Petitioner, v ROBERT KILEY, as Chairman of the New York City Transit Authority, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of respondents, dated January 23, 1984, which, after a hearing, found petitioner guilty of misconduct and dismissed him from his position as a police officer with the New York City Transit Authority.

Petition granted to the extent of vacating the penalty imposed, on the law, with costs, and matter remitted to the respondent New York City Transit Authority for reconsideration of the issue of an appropriate penalty in accordance herewith.

Substantial evidence exists in the record to support respon-

dents' determination sustaining the charges against the petitioner (see, Matter of De Bois v Rozzi, 114 AD2d 848). However, in determining an appropriate sanction, the hearing officer consulted petitioner's departmental file with respect to his prior disciplinary record. Petitioner's employment record was not introduced into evidence at the hearing nor was petitioner notified that his employment record would be considered by the hearing officer in determining an appropriate penalty.

Under a similar set of circumstances, the Court of Appeals held that the petitioner was entitled to prior notice of adverse material contained in his personnel file and to an opportunity to rebut such evidence prior to the determination of a penalty (Matter of Bigelow v Board of Trustees, 63 NY2d 470). In view of the hearing officer's failure to notify the petitioner that his employment record would be considered in arriving at a determination of a penalty and to afford petitioner an opportunity to challenge the record and submit mitigating data with regard to information contained therein, a remittal of the matter is required. Thompson, J. P., Brown, Weinstein and Eiber, JJ., concur.