■ In the Matter of JULIA SMITH, Appellant, v GEORGE F. TOMLINSON, as Mayor of the City of Beacon, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to (1) compel the respondent Mayor of the City of Beacon to reopen a disciplinary hearing to permit the petitioner to present additional testimony, (2) vacate the respondent Mayor's determination terminating the petitioner as a police officer, and (3) compel the respondent Mayor to pay the petitioner back pay, the petitioner appeals from a judgment of the Supreme Court, Dutchess County (Rosenblatt, J.), dated September 11, 1986, which dismissed the petition on the merits.

Ordered that the judgment is affirmed, with costs.

The petitioner, who had been employed by the respondent City of Beacon Police Department as a police officer, was discharged from her employment for misconduct following a hearing pursuant to Civil Service Law § 75 conducted in April 1983. Upon review by this court, the determination of the petitioner's misconduct was confirmed. However, the penalty of dismissal was vacated on the ground that the respondent, in imposing the dismissal penalty, relied upon the petitioner's entire employment record, which included two prior incidents of misconduct, without providing the petitioner with notice that those prior incidents would be considered. Accordingly, the matter was remitted to the respondent Mayor for a de novo determination of the appropriate sanction to be imposed after affording the petitioner an opportunity for a written responsive submission (Matter of Smith v Tomlinson, 111 AD2d 245).

Following this court's decision, the petitioner was afforded an opportunity to review her personnel records and submit any necessary information relevant to the issue of the imposition of an appropriate sanction. During this period, the petitioner's counsel communicated with the respondent Mayor and requested that the fault phase of the proceeding be reopened to permit the petitioner an opportunity to present testimony of the petitioner's physician. A letter from the petitioner's physician was also submitted. Counsel also provided written material in regard to the issue of an appropriate sanction and urged that the penalty of dismissal was disproportionate to the offense.

By letter dated August 26, 1985, the respondent Mayor denied the petitioner's request to reopen the fault phase of the proceeding and determined that based on the entire record, the sanction of dismissal was appropriate.

Thereafter, the petitioner commenced the instant proceeding challenging the respondent Mayor's determination or, in the alternative, requesting that in the event the dismissal determination was upheld, she be awarded back pay for the period covering her initial termination date until the dismissal decision of the respondent Mayor. The Supreme Court dismissed the petition, in its entirety, on the merits. We affirm.

In the first instance, we agree with the Supreme Court's finding that the respondent Mayor did not act improperly in refusing to reopen the fault phase of the proceeding. The issue of fault had been litigated and decided at the hearing held pursuant to Civil Service Law § 75 two years earlier and the determination was confirmed by this court *(see, Matter of Smith v Tomlinson, supra).* Thus, the petitioner is not entitled to relitigate that issue *(see, Pauk v Board of Trustees,* 68 NY2d 702). Moreover, the proposed testimony of the petitioner's physician did not fall within the ambit of "newly discovered evidence" which would warrant the reopening of the hearing *(see, Romeo v Romeo,* 39 AD2d 559, 560).

Secondly, we agree that the imposed penalty of dismissal was neither arbitrary nor capricious or such as would shock one's sense of fairness *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222). The present misconduct charge was the third such incident involving the petitioner during her employment as a police officer. In view of this repeated course of conduct which necessarily impaired the good order and efficiency of the police department, the petitioner's dismissal was not inappropriate *(see, Matter of Michailides v Schembri,* 112 AD2d 235).

Finally, we conclude that the petitioner's request for back pay was properly denied in view of this court's decision in *Matter of Cromwell v Bates* (117 AD2d 667).

We have reviewed the petitioner's remaining contentions and find them to be without merit. Mollen, P. J., Thompson, Rubin and Spatt, JJ., concur.