■ LORI M. FERGUSON, Respondent, v JAMES B. MEEHAN, as Chief of the New York City Transit Authority Police, et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the appellant New York City Transit Authority (hereinafter the Transit Authority), which, after a hearing, found the petitioner guilty of misconduct and/or incompetence and dismissed her from her employment as a Transit Authority police officer, the appeals are (1) as limited by the appellants' brief, from stated portions of an order of the Supreme Court, Kings County (Hutcherson, J.), dated September 26, 1986, which, *inter alia,* granted the petitioner's cross motion for reargument, and, upon reargument, granted the petition to the extent of vacating the penalty imposed and remitting the matter to the Transit Authority for further hearings on specified issues, and (2) from an order of the same court, dated January 12, 1987, which granted the petitioner's motion for further reargument, denied so much of the appellants' motion as sought to have the proceeding transferred here pursuant to CPLR 7804 (g), granted so much of the petition as sought reinstatement of the petitioner to her position as a Transit Authority police officer, and adhered to the remainder of its original determination in the order dated September 26, 1986.

Ordered that the appeal from the order dated September 26, 1986 is dismissed, as that order was superseded by the order dated January 12, 1987, made upon further reargument; and it is further,

Ordered that on the court's own motion, the appellants' notice of appeal from the order dated January 12, 1987 is treated as an application for leave to appeal, that application is referred to Justice Thompson, and leave to appeal is granted by Justice Thompson (CPLR 5701 [b] [1]); and it is further,

Ordered that the order dated January 12, 1987 is modified, on the law, by deleting the provision thereof which adhered to the original determination to the extent that it directed that a hearing be held on the issue of the claimed confidential relationship between the petitioner and the Transit Authority's Employees' Assistance Program; as so modified, the order dated January 12, 1987 is affirmed, without costs or disbursements; and it is further,

Ordered that the order dated September 26, 1986 is modified accordingly.

Preliminarily we note that the Supreme Court, Kings County, properly refused the appellants' request to transfer this proceeding to this court pursuant to CPLR 7804 (g). The petition does not allege that the appellants' determination is not supported by substantial evidence. The issues raised therein are properly characterized as allegations of errors of law which affected the appellants' determination (see, CPLR 7803 [3]). Thus, CPLR 7804 (g) did not require the transfer of the proceeding to this court.

The court also properly determined that the penalty imposed should be vacated and the matter remitted for a new determination of an appropriate penalty, because the petitioner did not receive notice of the Hearing Referee's intention to inspect her employment. file prior to making his recommendation regarding an appropriate penalty (see, Matter of Bigelow v Board of Trustees, 63 NY2d 470; De Martino v Kiley, 117 AD2d 702). Although the petitioner did not raise this issue in her original petition, the court did reach the issue and the appellants acquiesced in the decision to reach the issue and conceded that the court's determination on the issue was correct. Thus, the appellants should not now be permitted to contend that the issue was waived.

However, the court did err in remitting the matter to the appellants for a further hearing on the issue of the confidential relationship between the petitioner and Harry Alston, a counselor with the Transit Authority's Employees' Assistance Program. The evidence adduced at the initial hearing established the existence of such a relationship, but it further established that the petitioner consented to the release of a letter to the Transit Authority's medical unit which indicated that she was experiencing "personal/stress related problems". It was either on the basis of this letter or because the petitioner was being examined in connection with an alleged inability to perform full duty that a urine specimen was taken from her and screened for the presence of controlled substances. There was absolutely no evidence adduced which would indicate that the screening was performed as the result of a breach of the confidential relationship between the petitioner and Alston, and the petitioner has not established her entitlement to a further hearing or that such a further hearing would yield new, relevant evidence.

Finally, the court did not err in determining that the record

does not support the conclusion that a diligent good-faith effort was made by the appellants to preserve the urine specimen taken from the petitioner. In fact, the record establishes that the appellants denied the petitioner due process by failing, until well after the specimen had been destroyed, to respond to her prompt and repeated requests for an opportunity to examine the urine specimen or to provide her with information which would enable her to make sure that the specimen was preserved. While due process may not require an administrative agency to preserve evidence on the off chance that the subject of disciplinary charges may wish, at some future date, to examine that evidence, at the very least, upon the petitioner's request, the appellants should have either *promptly* notified the laboratory of the petitioner's desire to have the specimen independently screened or *promptly* provided the petitioner with the name of the laboratory where the specimen was being held. Were we not constrained by the petitioner's failure to request permission to cross-appeal or file a notice of cross appeal, which this court, in its discretion, could deem an application for permission to cross-appeal *(see, Hecht v City of New York,* 60 NY2d 57), we would be inclined to grant the petition on this basis. Thompson, J. P., Brown, Weinstein and Rubin, JJ., concur.