■ In the Matter of CHARLES DE MARTINO, Respondent-Appellant, v JAMES B. MEEHAN, as Chief of the New York City Transit Police Department, et al., Appellants-Respondents.— In a proceeding pursuant to CPLR article 78, *inter alia,* to direct the New York City Transit Authority to pay to the petitioner his salary from January 31, 1984, James B. Meehan, David L. Gunn, and the New York City Transit Authority appeal (1) from an order and judgment (one paper) of the Supreme Court, Kings County (Spodek, J.), dated August 27, 1986, which, *inter alia,* directed the New York City Transit Authority to pay the petitioner his salary from January 31, 1984 through July 1, 1986, and (2) as limited by their brief, from so much of an order of the same court, dated February 17, 1987, as, upon reargument, adhered to its original determination, and the petitioner cross-appeals from so much of the order dated February 17, 1987, as denied his cross motion for an inquest on damages pending the outcome of the appeal taken by James B. Meehan, David L. Gunn, and the New York City Transit Authority from the order and judgment dated August 27, 1986.

Ordered that the appeal from the order and judgment is dismissed, without costs or disbursements, as the order and judgment was superseded by the order dated February 17, 1987, made upon reargument; and it is further,

Ordered that the order dated February 17, 1987 is modified

by deleting so much thereof as adhered to that branch of the order and judgment dated August 27, 1986 which directed the New York City Transit Authority to pay the petitioner his salary from January 31, 1984 through July 1, 1986, and all attendant benefits, and adding thereto a provision dismissing the petition; as so modified, the order dated February 17, 1987 is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the order and judgment dated August 27, 1986 is modified accordingly.

On January 25, 1984, the petitioner was found guilty of misconduct and was dismissed from his position as a New York City Transit Police officer. On appeal to this court the determination was found to be supported by substantial evidence. However, in making his recommendation of dismissal the Hearing Officer relied on a record of prior disciplinary actions contained in the petitioner's departmental file. The petitioner had been given no notice that his file would be considered in setting a penalty. Consequently, this court vacated the penalty and remitted the case for consideration of an appropriate penalty, noting that the petitioner should be given the opportunity to challenge the record and submit mitigating data (see, De Martino v Kiley, 117 AD2d 702).

A second hearing was held on June 26, 1986. The petitioner's disciplinary record was introduced into evidence. The Hearing Referee reconsidered the evidence and adhered to his original recommendation of dismissal. On July 1, 1986, the recommendation was approved by the respondent Transit Authority's vice-president for labor relations, with the notation that "the effective date of dismissal remains January 31, 1984".

The Supreme Court improperly granted the petitioner's application for back pay for the period between January 31, 1984 and July 1, 1986, relying on Sinicropi v Bennett (92 AD2d 309, affd 60 NY2d 918). In Sinicropi this court granted the petitioner's application for back pay because the matter had been remitted for a redetermination of the charges against the petitioner. In the instant case the determination of the charges against the petitioner was upheld. The matter was remitted solely for a redetermination of the penalty. In such a case a petitioner is entitled to an award of back pay only if there is a reduction in the penalty (see, Matter of Cromwell v Bates, 117 AD2d 667). In the instant case the penalty was not reduced. It is immaterial to that issue of back pay that the original penalty was improperly imposed. The point of Civil Service Law § 75 (3) and Sinicropi is that an

employee is entitled to a quick hearing and resolution of the charges against him, and, in the instant case, that is what the petitioner received.

We have considered the petitioner's remaining contentions and find them to be without merit. Lawrence, J. P., Sullivan, Harwood and Balletta, JJ., concur.