■ In the Matter of BENJAMIN ESPINAL, Appellant, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, Respondent.—Yesawich, Jr., J. Appeal from a judgment of the Supreme Court (Klein, J.), entered October 31, 1988 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.

Petitioner, presumably a non-English-speaking inmate, was found guilty in a Tier III hearing of violating the prison disciplinary rule against violent conduct and conduct threatening violence *(see,* 7 NYCRR 270.1 [b] [5] [ii]) for grasping out of his cell at a correction officer's pocket containing pens and cigarettes. The misbehavior report as to this charge states that, "Incident [was] Recorded on Even-West Tape no#3 Sat 4/9/88", referring to a video tape recording made by a camera in the prison used ostensibly for surveillance purposes. There were no witnesses to the incident other than petitioner and the correction officer. Petitioner asserts that he was denied due process because at his hearing, when he asked that the videotape be reviewed by the Hearing Officer, he was informed that it was unavailable because it had not been preserved. Although at one point in the hearing petitioner indicated that he expected that the videotape would depict what the correction officer, who lodged the complaint, testified to, a fair reading of the hearing transcript makes clear that petitioner believed the tape would exculpate him.

In dismissing the petition, Supreme Court found that, inas-

much as petitioner received the misbehavior report in English on April 10, 1988 and in Spanish on April 16, 1988 and did not request that the videotape be reviewed until the hearing on May 9, 1988, he had ample opportunity to request the videotape earlier and hence his due process rights were not violated. On appeal, petitioner replies that he did not request the videotape viewing earlier because, *inter alia,* he believed that the Hearing Officer would review it of his own accord since it was specifically referred to in the misbehavior report, and there is no regulatory requirement that an inmate identify or request evidence that he intends to rely upon prior to his hearing *(cf.,* 7 NYCRR 254.5 [c]; *see also, Matter of Massop v LeFevre,* 127 Misc 2d 910, 912-913); in any event, there is no indication in the record that the videotape was even in existence when petitioner was served the misbehavior report. For his part, respondent cites *Arizona v Youngblood* (488 US —, 109 S Ct 333) for the proposition that the failure to preserve potentially useful evidence does not constitute a denial of due process unless petitioner can show that respondent acted in bad faith *(see,* 488 US —, —, 109 S Ct 333, 337, *supra).*

Given the relevance and apparent significance of the videotape to petitioner's case, respondent's posture with respect to why the tape was unavailable must be examined *(see, People v Haupt,* 71 NY2d 929, 931). Petitioner has not shown bad faith, but he has certainly raised questions regarding the Hearing Officer's good faith, on which the record is completely silent. For example, there is no evidence as to what happened to the videotape in question other than respondent's speculation in his brief, unsupported in the record, that videotapes are used over at some point; and there is no explanation for the inclusion of the videotape identification in the misbehavior report if the tape was not to be saved for petitioner's hearing. Since respondent concedes that petitioner would have been entitled to use the videotape at his hearing had it been available, its absence without any explanation engenders speculation adverse to respondent and requires remittal so that the record can be supplemented on the issue of whether the Hearing Officer acted in bad faith which, in fairness to the parties, has only emerged since the proceeding was concluded *(see, Arizona v Youngblood, supra).*

Decision withheld, and matter remitted to respondent for further proceedings not inconsistent with this court's decision. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.