■ In the Matter of BENJAMIN ESPINAL, Appellant, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, Respondent.—Yesawich, Jr., J. Appeal from a judgment of the Supreme Court (Klein, J.), entered October 31, 1988 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.

This matter was remitted to Supreme Court for supplementation of the record on the issue of bad faith regarding the failure to preserve a videotape recording of a misbehavior incident for which petitioner was disciplined (149 AD2d 904). Respondent has submitted an affidavit by the Hearing Officer who conducted petitioner's hearing, in which he avers that "[b]ecause of the expense involved * * * videotapes are routinely reused every seven days unless there is some reason to preserve them". As disciplinary proceedings are generally commenced within seven days of the triggering incident (see, 7 NYCRR 251-5.1 [a]), the tapes will normally be available for review at the hearing. Here, however, the hearing, though timely commenced, was adjourned and when petitioner subsequently requested that the tape be reviewed, the Hearing Officer, upon checking, determined that the tape had not been preserved. The Hearing Officer goes on to state, "I have no reason to doubt that [the videotape] was reused and the incident erased." He further represents that although tapes are kept for more than seven days when an "unusual incident report" is filed and when the incident is "very serious", the misconduct ascribed to petitioner was not considered so egregious as to warrant preservation of the tape. Given this explanation, we are satisfied that the subject videotape was not destroyed in bad faith but rather as the result of a reasonable policy of tape reuse.

Judgment affirmed, without costs. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.