■ In the Matter of WILLIAM LUGO, Petitioner, v ANDREW J. DAMIANO, as City Manager of the City of Newburgh, Respondent.—Yesawich Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Appellate Division, Second Department) to review a determination of respondent which terminated petitioner's employment as a police officer.

Petitioner, employed as an officer in the City of Newburgh Police Department in Orange County since 1982 and who had never previously been the subject of any employee discipline, was charged with 10 specifications of insubordination. The charges included working in off-duty employment without the Police Chief's prior permission in violation of Department policy (General Order No. 19) (specifications I-II), and failing to advise the Department that he was fit for duty on February

6, 1989 and failing to report for duty on that day and several days thereafter (specifications III-X). While on suspension for these charges, petitioner again undertook off-duty employment at a local school without approval, thus prompting another set of disciplinary charges (second specifications I-II).

After a hearing on all of the charges, held pursuant to Civil Service Law § 75 and article XIV of the collective bargaining agreement, the Hearing Officer found petitioner guilty of specifications I and II, but not guilty of specifications III through X and second specifications I and II. As a penalty, the Hearing Officer recommended a 30-day suspension without pay, with a credit for the time that petitioner had been suspended without pay during the pendency of the charges. Thereafter, respondent found petitioner guilty of all 12 specifications except insofar as petitioner was charged with failing to file with the Department his doctor's report indicating that he was fit to return to work on February 6, 1989; respondent found the work rule giving rise to petitioner's obligation to file his doctor's report unspecific. For petitioner's insubordination, as reflected by specifications I and II and second specifications I and II, respondent imposed two weeks of suspension without pay; for the insubordination indicated by specifications III through X, petitioner was terminated.

Petitioner commenced this CPLR article 78 proceeding to annul respondent's determination. In accordance with CPLR 7804 (g), Supreme Court transferred this proceeding to the Second Department.

Respondent is not bound by the Hearing Officer's findings and may make such findings of his own as are supported by substantial evidence (see, Matter of Simpson v Wolansky, 38 NY2d 391, 394). Petitioner's admission that he engaged in off-duty employment both before and after his suspension without first requesting or obtaining permission to do so, as required by Department policy of which he was aware, justifies respondent's determination and the penalty imposed for specifications I and II and second specifications I and II. Respondent's finding that petitioner was guilty of taking paid sick leave for periods of time during February 1989, although he was fit for work, is also fully justified. In this regard, the evidence is that in late January 1989, petitioner began a period of absence occasioned by his recurring on-the-job back injury. He concedes that his physician certified that he would be fit to return to duty on February 6, 1989 and that he agreed to return to work that day, but that he did not do so. And although petitioner testified that he was unable to return to work

because his back injury "act[ed] up again", he proffered no evidence that he sought medical attention during the time period in question. Furthermore, he failed to keep the scheduled physical therapy treatments recommended by his treating physician and which were to be paid for by the City.

Fully aware that much deference is to be accorded to the internal discipline of and the penalties imposed upon members of the police force (see, Richichi v Galligan, 136 AD2d 616), we nonetheless find that the penalty of termination must be annulled. Prominent among the reasons given by respondent for discharging petitioner were his "continuous practice of poor attendance", that he had "the worst record for abuse of sick leave in the history of the Department" and that "[a]nything less than termination * * * would establish a frightening precedent" for other police officers. Significantly, petitioner, though questioned regarding his prior use of sick leave at the hearing, was not given notice that it would be considered in determining an appropriate penalty or an opportunity to respond in writing (see, Matter of Bigelow v Board of Trustees, 63 NY2d 470, 472).

Accordingly, respondent's determination, insofar as it directed termination of petitioner's employment, must be annulled and the matter remitted to respondent for imposition of an appropriate penalty upon his consideration of petitioner's written response regarding his attendance and sick leave record.

Casey, J. P., Mikoll, Crew III and Harvey, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as terminated petitioner's employment; matter remitted to respondent for further proceedings not inconsistent with this court's decision; and, as so modified, confirmed.