■ In the Matter of THOMAS DiCAPRIO, Petitioner, v KENNETH D. TRZASKOS, as Chief of Police of the City of Amsterdam, Respondent. [610 NYS2d 395] —Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Montgomery County) to review a determination of respondent dismissing petitioner from his position as a police officer for the City of Amsterdam.

Petitioner, a police officer in the City of Amsterdam, Montgomery County, was charged with violating various provisions of the Amsterdam Police Department General Rules, Code of Ethics and Rules of Conduct as the result of a February 10, 1991 incident in which he is alleged to have brought a weapon into the booking area of the police station and mistreated and physically abused a prisoner, William Chirico, by slapping him in the face. Following a hearing, at which a videotape from an automatic surveillance camera showing the scene in the booking area provided the primary evidence against petitioner, the Hearing Officer found petitioner guilty of several of the charges and recommended dismissal. Respondent adopted the Hearing Officer's findings of fact and recommendations and dismissed petitioner effective December 30, 1991. Petitioner thereafter commenced this CPLR article 78 proceeding seeking to annul respondent's determination and his dismissal. Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804 (g).

Initially, we agree with petitioner that his due process rights were violated by the prehearing destruction of the precise portion of the videotape (the so-called "50-second glitch") that is alleged to have portrayed his alleged physical

abuse of Chirico. At the hearing, respondent offered the testimony of Sergeant Victor Hugo and Lieutenant Carl Conti, police officers who concededly did not witness the incident but who viewed the videotape prior to the destruction of the relevant portion. Each testified that the absent portion of the videotape showed petitioner, who was located in a room adjacent to the booking area, reach through an opening in the security screen and slap Chirico on the face. Thus, this is not a case where a petitioner's guilt has been established by direct evidence, such as eyewitness testimony, and respondent has failed to preserve other evidence that petitioner asserts may exculpate him *(see, e.g., Matter of Espinal v Coughlin,* 149 AD2d 904, 153 AD2d 778, *lv denied* 75 NY2d 705). To the contrary, here respondent was permitted to utilize the videotape as direct evidence of petitioner's guilt while at the same time depriving petitioner of its benefit, a situation much like that faced by this Court in *Matter of Hillard v Coughlin* (187 AD2d 136, 139-140, *lv denied* 82 NY2d 651), where we annulled the administrative determination because the refusal to permit the petitioner to view a videotape of the incident deprived him of his regulatory right to reply to the evidence against him *(supra).* Here, Civil Service Law § 75 (2) afforded petitioner the same right *(see, Ferguson v Meehan,* 141 AD2d 604, 606).

In fact, the prejudice here is even more serious than in *Hillard* because our own viewing of the videotape raises a serious question as to whether Hugo or Conti could have seen an officer situated on the opposite side of the security screen, as they testified petitioner was. Nor is this a case where the petitioner's delay in seeking discovery of the evidence contributed to its destruction. Significantly, petitioner served a notice to produce the videotape on April 22, 1991 and, upon respondent's noncompliance therewith, a judicial subpoena duces tecum on May 8, 1991. Following respondent's unsuccessful effort to quash the subpoena with regard to the videotape, the videotape was then delivered to Holiday Video on May 21, 1991 for copying. Under circumstances that we might charitably characterize as unlikely, during the copying process (and for no compelling reason), the video professional arbitrarily stopped the lengthy tape at the precise location portraying the alleged physical abuse and then restarted it, inadvertently pressing the record button instead of the play button. Following the erasure of the critical 50-second portion of the videotape, the video professional resumed the copying process.

In view of the fact that the damaged portion of the video-

tape may not be recreated, the only effective remedy was to deprive both sides of its benefit. We thus conclude that the Hearing Officer erred in denying petitioner's application to suppress all evidence derived from a viewing of the subsequently altered portion of the videotape. Excluding the testimony of Conti, who had no involvement other than as a witness to the videotape, and Hugo, who acknowledged that his testimony was based solely upon his viewing of the videotape, we further conclude that there was not substantial evidence in the record to support a finding that petitioner slapped Chirico.*

There is substantial evidence in the record, however, to support the determination that petitioner violated section 13 (3) of the Department rules concerning "Arrest and Detention Procedure", which proscribes carrying a firearm, *inter alia,* in cells and at the booking desk. Petitioner's explanation that his firearm was unloaded, although relevant in mitigation of penalty, simply does not address the violation. Further, petitioner's failure to raise or offer evidence in support of the defense of selective enforcement at the administrative proceeding *(cf., Matter of Girard v City of Glens Falls, supra)* precludes judicial review of the issue. Nonetheless, we conclude that petitioner's failure to remove his firearm in the booking area did not, as a matter of law, violate the provision of the Department Code of Ethics that a "law enforcement officer shall conduct his official life in a manner such as will inspire confidence and trust". The Hearing Officer's contrary finding is clearly erroneous. Petitioner's remaining contentions have either been rendered academic or found to be lacking in merit.

Cardona, P. J., White, Casey and Weiss, JJ., concur. Adjudged that the determination is modified, with costs to petitioner, by annulling so much thereof as imposed a penalty and found petitioner guilty of specification 1 of charge I, specification 1 of charge II, specification 2 of charge III and specification 1 of charge IV; petition granted to that extent and matter remitted to respondent for reconsideration of the penalty to be imposed; and, as so modified, confirmed.

■ In the Matter of BRUCE RICKETSON, Individually and

---

* Under the circumstances present here, we see no justification for remitting the matter for a new hearing and, thus, affording respondent a second opportunity to establish a competent case against petitioner *(see, Matter of Hartje v Coughlin,* 70 NY2d 866; *Matter of Girard v City of Glens Falls,* 173 AD2d 113, 118, *lv denied* 79 NY2d 757).