■ In the Matter of William Lugo, Petitioner, v City of Newburgh et al., Respondents. [618 NYS2d 420] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent City Manager of the City of Newburgh, dated July 20, 1992, which terminated the petitioner's employment as a police officer.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

On November 21, 1989, the petitioner was found guilty of 12 specifications of misconduct and dismissed from his position as a City of Newburgh police officer. In reaching his determination that dismissal was appropriate, the City Manager considered allegations that the petitioner's attendance record was poor, and that he had abused his sick leave privileges. Upon review of the 1989 determination, the Appellate Division, Third Department, held that the findings of misconduct were supported by substantial evidence, but annulled the imposition of the penalty of dismissal in order to afford the petitioner an opportunity to respond in writing to the allegations regarding his attendance record and use of sick leave (Matter

*of Lugo v Damiano,* 178 AD2d 827). On July 20, 1992, after considering the petitioner's written response, the City Manager again imposed the penalty of termination of employment, nunc pro tunc, as of the date of the original determination.

Contrary to the petitioner's contention, we find that the penalty of dismissal was not "so disproportionate to the offense, in light of all the circumstances, as to be shocking to one's sense of fairness" *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 233). In this regard, we note that although the petitioner was notified on 20 separate occasions that he was prohibited from performing outside work because of his excessive use of sick days, he nevertheless admittedly engaged in outside employment, both before and after his suspension, without receiving permission to do so *(see, Matter of Lugo v Damiano,* 178 AD2d 827, *supra; see also, Miller v Sise,* 120 AD2d 653).

Furthermore, since the matter was remitted solely for a redetermination of the penalty, and the penalty was not reduced, the petitioner is not entitled to an award of back pay *(see, Matter of De Martino v Meehan,* 149 AD2d 703, 704; *Matter of Cromwell v Bates,* 117 AD2d 667, 668). Bracken, J. P., Santucci, Krausman and Goldstein, JJ., concur.