■ In the Matter of ROBIN THOMAS, Petitioner, v CITY OF MOUNT VERNON DEPARTMENT OF PUBLIC SAFETY et al., Respondents. [671 NYS2d 516] —Proceeding pursuant to Mount Vernon City Charter § 120 to review a determination of the Commissioner of Public Safety, dated March 6, 1997, which, after a hearing, sustained a disciplinary charge against the petitioner and terminated her employment.

Adjudged that the petition is granted, on the law, to the extent that the determination is modified by deleting the provision thereof which imposed a penalty; as so modified, the determination is confirmed and the proceeding is otherwise dismissed on the merits, without costs or disbursements, and the matter is remitted to the Commissioner of Public Safety for the imposition of an appropriate penalty in accordance herewith.

A disciplinary charge was brought against the petitioner, an employee of the Mount Vernon Police Department, for failure to notify the department in advance that she would be absent from work on May 4, 1995. We conclude that the determination by the Commissioner of Public Safety sustaining the charge was supported by substantial evidence. The testimony of the witnesses at the hearing presented issues of credibility, and the weight to be accorded conflicting testimony is for the administrative agency, not the reviewing court (*see, Matter of Silberfarb v Board of Coop. Educ. Servs.*, 60 NY2d 979; *Matter of McQueeney v Dutchess County Sheriff*, 223 AD2d 710).

The petitioner contends that she was denied due process at the hearing because the police department did not preserve a tape recording of telephone calls it received on the evening of May 3, 1995. The record fails to establish that the loss of this tape was due to any bad faith on the part of the police department, in view of testimony that such tapes were routinely recorded over after 30 days, which was well before any disciplinary charge was brought against the petitioner (*see, Matter of*

*Espinal v Coughlin*, 153 AD2d 778). Furthermore, contrary to the petitioner's contention that the tape recording was the best evidence as to whether the subject telephone call was ever made, direct evidence on that issue was offered at the hearing from the alleged parties to the conversation (*cf., Matter of DiCaprio v Trzaskos*, 203 AD2d 759). Under the circumstances, the petitioner was not denied due process.

We agree with the petitioner, however, that she is entitled to a new determination as to the penalty to be imposed. The Hearing Officer, in recommending dismissal, relied upon information in the petitioner's personnel file, including alleged "excessive absences". The record fails to reveal, however, that the petitioner was notified that the Hearing Officer intended to consider information in her personnel file in recommending a penalty or that she was provided with an opportunity to submit a response to that information (*see, Matter of Bigelow v Board of Trustees*, 63 NY2d 470). The provision of the determination which imposed a penalty is therefore deleted, and the matter is remitted to the Commissioner of Public Safety for a new determination in accordance with the procedures set forth in *Matter of Bigelow v Board of Trustees (supra)*. Bracken, J. P., O'Brien, Santucci and Altman, JJ., concur.