■ In the Matter of EDWARD CASEY, Appellant, v NEW YORK CITY HOUSING AUTHORITY et al., Respondents. [672 NYS2d 305] —Order, Supreme Court, New York County (Charles Ramos, J.), entered November 4, 1996, which denied so much of petitioner's petition pursuant to CPLR article 78 as sought, by reason of respondent New York City Housing Authority's alleged failure to adhere to the terms of its Memorandum of Understanding with respondent City of New York, to annul respondents' determination dated October 11, 1995 dismissing petitioner from the police force, unanimously affirmed; and, to the extent that the within article 78 proceeding has been transferred to this Court pursuant to CPLR 7804 (g) for a disposition of the substantial evidence question presented and all other remaining issues raised in the petition, the aforesaid determination is unanimously confirmed, the petition denied and the proceeding dismissed, all without costs.

As a preliminary matter, we note that despite the absence of a notice of appeal from the IAS Court's adjudication, pursuant to CPLR 7804 (f), of a potentially dispositive issue raised in the within petition, this Court retains authority to pass upon all issues raised in the transferred proceeding (CPLR 7804 [g]; *Matter of Vito v Jorling*, 197 AD2d 822, 825). We therefore both consider the substantial evidence issue raised by the petition and review the IAS Court's ruling upon petitioner's additional contention that his termination from the police force was accomplished in violation of the aforesaid Memorandum of Understanding.

Petitioner's latter claim is premised upon communications by the City and the New York Police Department to respondent New York City Housing Authority (NYCHA), subsequent

to petitioner's administrative trial but prior to respondents' imposition of a penalty, urging the Housing Authority not to adopt the Hearing Officer's recommendation of a penalty short of dismissal since such leniency was viewed by the City and Police Department as antithetical to the Police Department's "zero tolerance" policy on drug abuse within the force. Petitioner maintains that these communications were violative of the Memorandum of Understanding (MOU) between the New York City Police Department and the Housing Authority respecting the merger of the Housing Authority police with the New York Police Department. As is here relevant, the MOU provided that NYCHA employees against whom disciplinary charges were pending at the time of the merger of the two police forces would remain in the employment of NYCHA. Contrary to petitioner's argument, his termination was not accomplished in derogation of his status as an employee of the Housing Authority. More specifically, he was not held to a standard peculiar to the New York City Police Department and alien to his employer, the Housing Authority. Indeed, the ultimate determination to terminate petitioner's employment was made under NYCHA's own zero tolerance policy. Nor do we find the aforecited communications to have been procedurally unfair. Petitioner was afforded a full opportunity to controvert the findings and recommendations of the Hearing Officer (*compare, Fogel v Board of Educ.*, 48 AD2d 925), and, in any event, the letters did not contain factual material that petitioner could have controverted (*compare, Matter of Simpson v Wolansky*, 38 NY2d 391, 395-396 [Hearing Officer's consideration of evidence of which employee was not apprised]; *and compare, Matter of Bigelow v Board of Trustees*, 63 NY2d 470, 472 [consideration of material in the employee's personnel record without notice or the opportunity to correct said record or respond]).

Turning to the evidentiary predicate offered by respondent in support of its determination, that predicate, consisting as it did of the positive results of an EMIT drug test as confirmed by a GC-MS test (*see, Matter of Fulton v Jacobson*, 226 AD2d 215), must be deemed substantial within the meaning of CPLR 7803 (4) (*see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights*, 45 NY2d 176, 179-180). We note in this connection that the evidence supported the Hearing Officer's findings that the drug tests by the laboratory were valid (*see, Matter of Gordon v Brown*, 84 NY2d 574, *mot to amend remittitur denied* 85 NY2d 858) and that the sample tested was, in fact, petitioner's.

Finally, the penalty of termination from the police force is

not so disproportionate to the offense as to shock one's sense of fairness where, as here, a police officer has been found guilty of ingesting illicit narcotics (*see, Gordon v Brown, supra; Matter of Pell v Board of Educ.*, 34 NY2d 222, 233). Concur—Milonas, J. P., Wallach, Tom, Mazzarelli and Saxe, JJ.