■ CARY HERSHKOWITZ, Respondent, v NEW YORK CITY DEPARTMENT OF EDUCATION, Appellant. [857 NYS2d 568]—

Order, Supreme Court, New York County (Karen S. Smith, J.), entered January 8, 2007, which, to the extent appealed from as limited by the briefs, denied defendant New York City Department of Education's (DOE) motion to dismiss the complaint pursuant to CPLR 3211 (a) (7), unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

In 1999, DOE commenced a disciplinary proceeding pursuant to Education Law § 3020-a, charging plaintiff, a tenured teacher, with 12 specifications of sexual misconduct and other inappropriate interactions with respect to several students. Plaintiff moved to suppress his written confession, in which he admitted to sending "many" instant messages to a female student explicitly discussing and soliciting various sexual acts. The hearing officer suppressed the statement as violative of the collective bargaining agreement between DOE and the United Federation of Teachers (UFT), and thereafter dismissed all the charges against plaintiff and ordered him reinstated. Supreme Court vacated the determination and directed a new hearing, at which the written statement was to be considered; we affirmed (*Board of Educ. of City of N.Y. v Hershkowitz*, 308 AD2d 334 [2003], *lv dismissed* 2 NY3d 759 [2004]).

Following the new hearing, at which the written statement was admitted and plaintiff declined to testify, the hearing officer sustained six of the charges, and as a penalty imposed a one-year suspension without pay. DOE commenced a special proceeding pursuant to CPLR article 75 and Education Law § 3020-a, challenging the penalty as inadequate. Supreme Court granted DOE's petition to the extent of remanding for a new hearing before a different hearing officer. A reading of the detailed, 15-page decision reveals that Supreme Court upheld the factual determination that plaintiff was guilty of the six sustained charges and remanded only on the issue of the penalty. Supreme Court ruled that the penalty of a one-year suspension was "totally irrational" and "against New York's strong public policy of protecting children," in that it:

"not only defies logic given the seriousness of [plaintiff's] admitted sexual misconduct . . . , but it is offensive to the disciplinary process negotiated by [DOE] and [UFT]. Indeed, to suspend [plaintiff] for one year actually tells him and everybody else that these perverted and insidious acts are not serious. Importantly, it also tells [the female student] and her mother that [the student's] resolve and her mother's courage used in withstanding and reporting [plaintiff's] persistent and improper advances were for naught. In fact, [the student's] resolve is being used against her by those responsible for ensuring her safety as an attempt to minimize the heinous nature of [plaintiff's] acts . . . [T]his Court chooses to call this teacher's acts for what they are—an abuse of trust of the most serious kind . . .

"To be sure, the fact that physical contact apparently did not occur here . . . is a tribute to the student's resolve, not [plaintiff's] exercise of restraint. For his part, it is clear that he tried . . .

"Last, considering the seriousness of [plaintiff's] conduct, a one year suspension is not justified by the fact that [he] had a clean record prior to this incident . . . He not only tried extremely hard to seduce [the student] into a clandestine and inappropriate relationship, but systematically dismantled the systems a parent puts in place to protect her daughter, namely honesty and open communication."

The new hearing officer misconstrued the order as directing a de novo hearing on the merits of the charges as well as the appropriate penalty. The parties relied on the record established at the prior hearings, and the hearing officer found plaintiff culpable of the same six charges previously sustained, and directed him to be dismissed from service.

Thereafter, plaintiff commenced this action to recover back pay and benefits for the period of time between the award suspending him for one year, which was annulled, and the final order terminating his employment.

The complaint should be dismissed for failure to state a cause of action, since the matter was remanded solely for a redetermination of the penalty and plaintiff ultimately received a harsher penalty (*see Matter of Lugo v City of Newburgh*, 209 AD2d 414 [1994]; *Matter of De Martino v Meehan*, 149 AD2d 703, 704-705 [1989]). The fact that the second hearing officer erroneously believed that he was to make a redetermination as to the charges is immaterial. Concur—Tom, J.P., Buckley, Sweeny and Moskowitz, JJ.