■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v S. K. PAL, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered January 22, 1976, convicting him of violation of section 3385 of the Public Health Law, upon a jury verdict, and imposing a fine. Judgment reversed, on the law and the facts, indictment dismissed, and fine ordered remitted. The sole question presented by this prosecution was whether the defendant physician's prescription of Seconal to an undercover narcotics agent posing as a patient was "in good faith". The evidence adduced by the People showed that, before prescribing the drug, defendant did not conduct a physical examination of the "patient". Although such failure may amount to substandard medical practice, it is not sufficient, in and of itself, to prove an absence of good faith. In the context of the physician-patient relationship, "good faith" means "for a bona fide medical purpose". There was no evidence tending to show that defendant had prescribed the drug for any purpose other than to aid the "patient", who had come to him complaining of flashbacks and insomnia. Nor was there evidence tending to show that defendant should have suspected the "patient" of being an addict or that defendant prescribed the drug for his own illicit gain or to facilitate illegal drug traffic. Under these circumstances, there was no evidence upon which the jury could properly find an absence of good faith on defendant's part. Rabin, Acting P. J., Shapiro, Titone and O'Connor, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS PRENDERGAST, Appellant.—Appeal by defendant (1) from a judgment of the Supreme Court, Kings County, rendered January 11, 1974, convicting him of criminal possession of a dangerous drug in the fourth degree, criminal possession of a dangerous drug in the sixth degree (four counts) and criminally possessing a hypodermic instrument, upon a jury verdict, and imposing sentence, and (2) (by permission) from an order of the same court, entered November 19, 1974, which, after a hearing, denied his application to vacate the judgment. Judgment and order affirmed. No opinion. Rabin, Acting P. J., Shapiro, Titone and O'Connor, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v KAREN ANN TADDONIO, Respondent.—Appeal by the People from an order of the County Court, Suffolk County, dated February 9, 1976, which, inter alia, granted the branch of defendant's motion which sought dismissal of the indictment, and did so with leave to the People to resubmit to another Grand Jury. Order reversed, on the law, and the said branch of defendant's motion is denied. In our opinion, the statement of the prosecutor to the members of the Grand Jury was not sufficiently prejudicial to warrant the dismissal of the indictment. Rabin, Acting P. J., Shapiro, Titone and O'Connor, JJ., concur.