■ In the Matter of ROBERT A. REID, Petitioner, v DAVID AXELROD, as Commissioner of Health of the State of New York, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Commissioner of Health which imposed a $6,000 penalty upon petitioner and withheld his right to the issuance of official State prescriptions. Petitioner, a physician, was charged with violating section 3304, subdivision 1 of section 3332, section 3397 (subd 1, par [a], cl [i]) and section 3397 (subd 1, par [d]) of the Public Health Law. He was subsequently charged with: (1) issuing prescriptions for dexedrine in quantities which would exceed a 30-day supply in violation of subdivision 3 of section 3332 of the Public Health Law; (2) violating 10 NYCRR 80.60 in that he obtained a controlled substance by means other than Federal forms; (3) violating 10 NYCRR 80.105 in failing to keep a record of all controlled substances received by him; and (4) violating 10 NYCRR 80.112 in failing to keep an inventory of those controlled substances. The charges were based on the allegation that between January 4, 1975 and May 6, 1976, petitioner had issued 54 prescriptions for dexedrine, a controlled substance, in the names of his wife's parents and that he had diverted such substances for his own use. Although the hearing officer found one violation for which he recommended a $25 fine, the Commissioner of Health found petitioner guilty of six violations and ordered him to pay a $6,000 fine, $1,000 for each violation. Petitioner's privilege to issue New York State triplicate prescription forms was also suspended. Judicial review of an administrative determination made under article 33 of the Public Health Law is limited to a consideration of whether the findings of fact made by the "commissioner", not the hearing officer, are supported by substantial evidence (Public Health Law, § 3394, subd 1). In our view, the record contains substantial evidence to support the commissioner's determination that petitioner violated the provisions of article 33 of the Public Health Law and regulations promulgated thereunder with which he was charged, in that he issued prescriptions for controlled substances in the names of his in-laws and used the prescriptions to obtain and possess such controlled substances for his own use. The record contains evidence that during the period in issue, petitioner had written 54 prescriptions for dexedrine, a controlled substance, in the names of his father-in-law and mother-in-law, most of which he himself picked up at a pharmacy. Moreover, petitioner admitted that he had not delivered to his in-laws all the dexedrine he had obtained for delivery to them, but had removed the spansules from their original bottles and stored them in a "tetracycline jar" in his office. In a letter dated July, 1976, petitioner also admitted that he personally used some of the dexedrine he prescribed and picked up for his father-in-law; and in a letter dated August 1, 1976, he admitted that the situation was the same as to the dexedrine he prescribed and picked up for his mother-in-law. We have examined petitioner's other contentions and find them to be without merit. Determination confirmed, and petition dismissed, without costs. Greenblott, J. P., Sweeney, Kane, Staley, Jr., and Casey, JJ., concur.