■ In the Matter of Felix J. Rotoli, Petitioner, v New York State Department of Health et al., Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the New York State Commissioner of Health, which, *inter alia,* imposed a $5,000 penalty upon petitioner and revoked petitioner's right to use official New York State prescription forms. Petitioner, a duly licensed physician with offices located in Rochester, New York, has been practicing medicine since 1938. On November 15, 1976, petitioner was served with a notice of hearing and statement of charges alleging that petitioner "did unlawfully issue numerous prescriptions not in good faith and not in the course of his professional practice only and not for legitimate medical proposed *[sic]* only" from February 8, 1973 to March 2, 1973 in violation of section 3373 and subdivision 1 of section 3385 of the Public Health Law and 10 NYCRR 81.26 as it then existed. Hearings were conducted before a Department of Health hearing officer and the hearing officer, in his report issued on September 7, 1978, found that there was substantial evidence that petitioner "did not issue prescriptions for controlled substances in good faith and in the course of his medical practice." In a determination dated November 29, 1978, the commissioner adopted the findings and conclusions of the hearing officer, fined petitioner $5,000 and revoked his right to use official New York State prescription forms. Petitioner instituted the within CPLR article 78 proceeding, transferred to this court, to challenge the commissioner's determination. His principal argument is that the findings of the hearing officer do not establish a violation of law and are not supported by substantial evidence. We disagree. The petition should be dismissed. The record as a whole contains substantial evidence to support the conclusion that petitioner unlawfully issued prescriptions not in good faith and not in the course of his professional practice only. The record reveals that on five occasions petitioner issued two prescriptions for seconal on the same day to five different patients. Petitioner testified that the reason he issued two prescriptions on two of the dates was because he planned an extended vacation and he did so to alleviate patients' fears of running out of the medication. However, petitioner never took the vacation, ostensibly because of health reasons. On another occasion he issued two prescriptions for seconal to a patient because the patient allegedly explained that she would be away for a period of time. On a fourth date petitioner issued two prescriptions for seconal on a single day because the patient stated that the capsule bottle obtained as a result of filling the first prescription fell out of his pocket as he was taking a token out of his pocket while boarding a bus and that the capsule bottle and most of its contents were crushed under the bus wheel. On a fifth occasion

petitioner testified that he issued a second prescription on the same date after the patient explained that he lost the capsule bottle and he believed it was stolen from his jacket pocket while at a restaurant. Petitioner stated that he had told each of the last two patients not to return to his office. The hearing officer found additionally that in other instances petitioner issued a second prescription for seconal within one to 16 days after the first prescription was issued. In one of these instances the patient stated that the capsules from the first prescription were stolen from her purse while at a restaurant. In another, the patient stated that he accidentally spilled his first prescription capsules down the toilet. Further, petitioner had issued prescriptions for seconal to five people bearing the last name "Muolo" in less than a month. Moreover, the hearing officer found that petitioner stated to investigators, as they were leaving his office after an interview concerning the issuance of double prescriptions on the same dates, that: "You tell Muolo when you see him that I will get him in court and fix him good. I know what he is up to. When I finish with him I will put a bullet up his ass. I knew he was sending me people with phony addresses." The foregoing amply illustrates that the determination of the hearing officer, as adopted by the commissioner, is reasonable and should not be disturbed (*300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 181; *Matter of Kastner v Regan,* 75 AD2d 977, mot for lv to app den 51 NY2d 703). We find no merit to petitioner's other arguments. Determination confirmed, and petition dismissed, without costs. Greenblott, J. P., Main, Mikoll, Casey and Herlihy, JJ., concur.