■ In the Matter of S. & J. Pharmacies, Inc., Trading as Stein's Prescription Pharmacy, et al., Petitioners, v David Axelrod, as Commissioner of Health of the State of New York, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State

---

Commissioner of Health which imposed fines upon petitioners for violations of the Public Health Law and certain rules and regulations. As the result of information from a manufacturer that the petitioner pharmacy was purchasing unusually large quantities of Quaaludes, an investigation was initiated by respondent. Thereafter, petitioners were charged with unaccounted-for shortages of over 2,100 pills and capsules and overages of 189 others within a five-month audit period, all of which were controlled substances; filling 24 oral and/or written prescriptions for controlled substances, each missing required information, in violation of the Public Health Law rules and regulations; and, failing to notify the Bureau of Narcotics Enforcement of an alleged theft, loss, or possible diversion of controlled substances. Following a hearing, petitioners were found guilty of the charges and a civil penalty of $15,000 was imposed. Petitioners seek vacatur of the determination and dismissal of the charges. Our review is limited to whether the determination is supported by substantial evidence and has a rational basis (*Matter of Purdy v Kreisberg*, 47 NY2d 354). We find, upon the entire record, that these criteria have been fulfilled and clear proof of guilt of the charges was established. Having thus found, we are constrained under article 33 of the Public Health Law to uphold the commissioner's determination (Public Health Law, § 3394, subd 1; *Matter of Reid v Axelrod*, 76 AD2d 993). Petitioners argue that the civil penalty imposed is so shocking to one's sense of fairness that it should be set aside (*Matter of Pell v Board of Educ.*, 34 NY2d 222). They characterize the violations to be *de minimis* and hardly consequential. We disagree. It is apparent that petitioners dispensed an inordinately high quantity of Quaaludes, a highly abused controlled substance. While the number of shortages and overages may amount to only a small fraction of the total pills and capsules dispensed, it cannot be contended that the total was insignificant, especially when viewed in the context of societal concern for drug abuse. Similarly, the proof is clear that the subject prescriptions each lacked required information or physicians' signatures, and that no effort to correct deficiencies was made until after the investigation commenced. Finally, it is uncontroverted that petitioners failed to make the required report to the Bureau of Narcotics Enforcement when an alleged theft of controlled substances by an employee occurred. The lesson to be learned from *Matter of Pell (supra)* is that while the definition of what is "shocking to one's sense of fairness" may be subjective, to be thus considered a penalty must be found to be disproportionate to the misconduct, incompetence, failure or turpitude involved, or to the harm or risk to the public generally visited or threatened by the derelictions. Also to be considered is the prospect of deterrence of both those charged or of others in like situations from recurrence of derelictions and that the sanctions reflect the standards of society to be applied to the offense involved. In an age when drug abuse has become a major incidence of crime and the causation for so many other crimes, we cannot say that the fine imposed here is so shocking as to be disproportionate to the offenses charged. Nor may the deterrent effect upon other potential wrongdoers be disregarded. Petitioners finally argue denial of due process contending that they were confronted at the hearing with violations of sections of the Public Health Law not contained in the statement of charges, and that respondent erred in finding them guilty of certain of those unspecified charges. We disagree. The hearing officer sustained objections to testimony by respondent's witnesses concerning violations of uncharged sections of the law and regulations. However, in his decision, the hearing officer, in explaining his rationale, cited 10 NYCRR 80.65 and 80.6, neither of which was charged. These sections merely describe the responsibilities of those handling controlled substances and prescriptions to safeguard their use for legitimate medical

purposes only. Respondent did not find petitioners guilty of violating these sections. Petitioners' guilt upon the charges specified was established by substantial evidence in the record. Respondent's determination did include, *inter alia,* a single violation of section 3344 of the Public Health Law which was not charged and, in fact, is a nonexistent section. It is reasonable to conclude that this was a typographical error in that section 3334 was charged but was not contained in the finding of guilt. We hold such error to be harmless in view of the overwhelming proof of guilt of the offenses charged. Determination confirmed, and petition dismissed, without costs. Kane, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.