■ In the Matter of SPYRIDON KOUDOURIS, Petitioner, v DAVID AXELROD, as Commissioner of Health of the State of New York, et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Commissioner of Health which found that petitioner had violated certain provisions of article 33 of the Public Health Law and the regulations promulgated thereunder, imposed a $7,500 penalty and suspended petitioner's right to use official New York State prescription forms. ¶ Petitioner, a medical doctor practicing in the City of Albany, was charged with violating various provisions of article 33 of the Public Health Law (all statutory references are to the Public Health Law) and the regulations promulgated pursuant thereto. After a hearing, the administrative law judge found various violations of the Public Health Law and regulations as charged and recommended that petitioner be assessed a civil penalty of $7,500, of which $2,500 would be held in abeyance and payable if petitioner was again found in violation of any of the laws of which he was charged as violating, and that petitioner's Drug Enforcement Agency registration number and right to use official New York State prescription forms be suspended for one year. Respondent Commissioner of Health adopted the administrative law judge's report as modified by imposing a $7,500 fine without an amount held in abeyance and by suspending only petitioner's right to use official New York State prescription forms for one year. Petitioner thereafter commenced this proceeding, which was transferred to this court, to challenge respondents' determination. ¶ We conclude that respondents' determination is supported by substantial evidence and has a rational basis and, therefore, must be confirmed (see § 3394, subd 1; *Matter of S. & J. Pharmacies v Axelrod,* 91 AD2d 1131, 1132). Petitioner first claims that respondents failed to demonstrate a violation of subdivision 1 of section 3331 because there was no proof that the individuals to whom the prescriptions were issued were addicts or habitual users, as defined in subdivisions 1 and 17 of section 3302. To the contrary, with regard to the second charge, there was sufficient evidence introduced to enable respondents to conclude that the individual to whom these prescriptions were issued was at least a habitual user (§ 3302, subd 17), considering the excessive amount of controlled substances prescribed by petitioner and apparently used by the individual. ¶ With regard to charges 3,7, 8, 9 and 10, we disagree with petitioner's contention that because the investigator who posed as a patient was not in reality an addict or habitual user, these charges were unsubstantiated. Testimony in the record reveals that petitioner believed that the investigator enjoyed drugs and might be addicted and, thus, that the investigator was at least a habitual user. We are of the view that this is sufficient proof in an administrative proceeding charging violations of subdivision 1 of section 3331. To adopt petitioner's position would require the authorities to send a true addict or habitual user into a doctor's office during an investigation of the doctor's prescribing practices under subdivision 1 of section 3331. The Legislature clearly did not intend such an irrational result and proof that the doctor considered the patient to be an addict or a habitual user will suffice in administrative proceedings charging violations of this statute. There being

such evidence in the record, we cannot conclude that this determination was irrational or arbitrary or capricious. ¶ Also without merit is petitioner's claim that the proof failed to establish any violation of subdivision 2 of section 3331 or subdivision 1 of section 3335. Violations of these statutes are alleged in charges 2, 3, 7, 8, 9 and 10 and concern petitioner's failure to write prescriptions in good faith and in the course of his professional practice. To establish that petitioner acted in bad faith and outside the course of his professional practice, it must be demonstrated that the prescriptions were issued for a nonmedical reason (see *People v Pal,* 56 AD2d 640). Considering the excessive amount of controlled substances that petitioner prescribed for his patients, which the prescription records in evidence disclose, and petitioner's suggestion to the investigator that he not fill two prescriptions at the same pharmacy to avoid problems with narcotics officials, it was not irrational for respondents to conclude that petitioner issued the prescriptions for nonmedical reasons and, thus, acted in bad faith and outside the course of his professional practice in violation of subdivision 2 of section 3331 and subdivision 1 of section 3335 (see *Matter of Gattner v Whalen,* 71 AD2d 712, mot for lv to app den 48 NY2d 608).[*]

¶ We agree with petitioner's contention that the proof failed to establish any violation of subdivision 5 of section 3331, which prohibits "dispensing", as defined in subdivision 10 of section 3302, more than a 30-day supply of enumerated controlled substances, as alleged in charges 9 and 10. There is simply no evidence that petitioner dispensed any controlled substances. Charges 9 and 10, however, also allege violations of 10 NYCRR 80.69 (c), which prohibits prescriptions for quantities of substances in excess of a 30-day supply if the substance was used in accordance with the directions for use, subject to certain exceptions not relevant herein. The record reveals that petitioner issued prescriptions to the investigator and his fictitious girlfriend before the expiration of the refill period of prior prescriptions, thereby providing more than a 30-day supply at one time. Thus, charges 9 and 10 were sustained by substantial evidence. ¶ Finally, we cannot say that the penalty imposed is so shocking to our sense of fairness that it should be annulled (see, e.g., *Matter of Pell v Board of Educ.,* 34 NY2d 222, 234). We have upheld similar penalties in similar cases (see, e.g., *Matter of Rotoli v New York State Dept. of Health,* 78 AD2d 720; *Matter of Reid v Axelrod,* 76 AD2d 993, mot for lv to app den 51 NY2d 703) and find no reason to disturb the penalties imposed in this case. ¶ Determination confirmed, and petition dismissed, without costs. Main, J. P., Casey, Yesawich, Jr., and Harvey, JJ., concur.

---

* The alleged violations of 10 NYCRR 80.65 and 80.69 are for the same conduct as relates to the alleged violations of subdivisions 1 and 2 of section 3331 and subdivision 1 of section 3335. Because these regulations impose the same standards as are established by these statutes, the same analysis applies to the regulations as to the statutes and need not be discussed separately.