(March 31, 1987)

■ In the Matter of PHILIP J. DEVINE, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.—The Committee on Professional Standards has charged respondent with three counts of professional misconduct. Respondent was admitted to practice by this court in 1961 and maintains a law office in the City of Oneonta, Otsego County. After having granted the Commit-

tee's motion for an order declaring that no factual issues remained in this disciplinary proceeding requiring referral to a Referee and after having heard respondent in mitigation (see, 22 NYCRR 806.5), we make the following findings with respect to the charges against respondent.

Charge I of the petition accused respondent of involving himself in conflicts of interest in violation of the Code of Professional Responsibility DR 5-101 and DR 5-103. In an effort to assist his clients, the Sewards, avoid the financial collapse of their farm, respondent established some fairly complex legal entities to invest in, own and operate the farm; respondent was also one of the investors. Respondent also represented the Sewards in their lawsuit for damages resulting from the collapse of a silo on their farm. Pursuant to the terms of the agreement respondent devised creating the Rocky Top Vu Farms Limited Partnership, which owned the Sewards' farm, the proceeds of the lawsuit, if any, were to be used for the benefit of the farming enterprise. Since respondent was one of the limited partners, he would benefit if the Sewards were successful in the collapsed silo litigation. Finally, as the farm continued to deteriorate financially despite respondent's efforts, the Sewards named him as a respondent in an accounting action and in a cross claim in a foreclosure proceeding.

We sustain charge I because (1) by the terms of the Rocky Top Vu Farms Limited Partnership agreement respondent acquired a proprietary interest in the Sewards' collapsed silo lawsuit in violation of DR 5-103, and (2) respondent's failure to withdraw from representation of the Sewards after they named him as a respondent in the accounting action and foreclosure proceeding constituted a violation of DR 5-101.

Charge II alleged that respondent failed to produce certain documents in response to a subpoena served upon him by the defendants in the collapsed silo lawsuit. Among other things, the subpoena required respondent to produce any records pertaining to the Sewards' assignment of any right, title or interest in the subject matter of the collapsed silo lawsuit to another party. We find that respondent failed to fully comply with the subpoena insofar as he failed to produce the Rocky Top Vu Farms Limited Partnership agreement. Therefore, we sustain charge II, but only insofar as it charges respondent with engaging in "conduct that is prejudicial to the administration of justice" (DR 1-102 [A] [5]) and "[c]onceal[ing] or knowingly fail[ing] to disclose that which he is required by law to reveal" (DR 7-102 [A] [3]).

We reject charge III of the petition which accused respondent of misleading and deceiving a Supreme Court Justice during a colloquy about the subpoena. The evidence presented by the Committee fails to demonstrate that respondent had any intent to mislead or deceive during the colloquy.

After considering respondent's previously unblemished disciplinary record, the lack of venal motives or personal gain prompting the violations, and his full cooperation with the Committee's investigation, we find censure to be an appropriate sanction.

Respondent censured. Mahoney, P. J., Kane, Casey, Weiss and Yesawich, Jr., JJ., concur.