■ In the Matter of VLADIMIR I. WNUK, Petitioner, v COMMISSIONER OF EDUCATION et al., Respondents.—Weiss, J. ■

Petitioner, by order of the Commissioner of Health issued in July 1986 after a hearing, was found guilty of numerous violations of Public Health Law article 33. The charges were based, in part, on petitioner's prescribing more than a 30-day supply of a controlled substance on at least 60 occasions, and his failure to report to the Commissioner of Health the identities of habitual users of controlled substances to whom he issued regular prescriptions (see, Public Health Law § 3304 [a]; § 3335 [3]; § 3372; 10 NYCRR 80.69 [c]; 80.108). As a result, petitioner's right to prescribe controlled substances was suspended for one year and a civil fine of $13,900 was imposed. Thereafter, the Department of Health's Office of Professional Medical Conduct charged petitioner with one specification of professional misconduct pursuant to Education Law § 6509 (5) (c) based on the foregoing Public Health Law article 33 charges. After an expedited hearing on May 6, 1987 (see, Public Health Law § 230 [10] [m] [iv]), the Regents Review Committee found petitioner guilty of the charge and recommended that his license to practice medicine be suspended for 2 years, with the last 18 months of the suspension stayed and petitioner placed on probation. Respondent Board of Regents accepted this recommendation in its entirety and respondent

Commissioner of Education issued an order suspending petitioner's license accordingly.

The focus of this proceeding is solely on the penalty imposed.* In challenging the penalty as disproportionate, petitioner does not take issue with the two-year suspension, but only controverts respondents' failure to stay the entire two-year period. Petitioner emphasizes that the charges relate back to 1982, that his record has since been "perfectly clean" and that the Commissioner of Health already imposed a severe penalty. He further stresses that the Commissioner of Health rejected the charge that petitioner prescribed controlled substances to individuals in bad faith (see, Public Health Law § 3331 [2]; 10 NYCRR 80.65, 80.69 [a]; Matter of Koudouris v Axelrod, 102 AD2d 954).

Our power to review a sanction imposed by respondents is clearly limited (see, Matter of Hening v Ambach, 132 AD2d 783, 784, appeal dismissed 70 NY2d 926). In view of petitioner's repeated prescription improprieties and failure to report habitual users of dangerous drugs, we cannot say that an actual suspension of six months' duration was disproportionate to the offense (see, Matter of Nadell v Ambach, 136 AD2d 804; Matter of Clark v Ambach, 133 AD2d 914, 915; Matter of Saleem v Commissioner of Educ., 133 AD2d 953, 955; Matter of Sasson v Commissioner of Educ., 127 AD2d 875, 876). Notably, the Regents Review Committee expressly took into account "the absence of any misconduct by [petitioner] since 1982" in recommending the penalty. Moreover, the previous disciplinary action taken by the Commissioner of Health does not preclude the instant penalty (see, Matter of Abraham v Ambach, 135 AD2d 921). Accordingly, the determination should be confirmed.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Weiss, Levine, Harvey and Mercure, JJ., concur.

---

* Petitioner does not challenge the underlying findings of guilt, upon which the Commissioner of Health's July 1986 order was based, since that determination was confirmed on direct appeal to the Appellate Division, First Department (see, Wnuk v Axelrod, 128 AD2d 1026).