■ In the Matter of RONALD FINIGAN, Petitioner, v DAVID LENT, as Supervisor of the Town of New Paltz, et al., Respondents.—Levine, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of respondent Town Board of the Town of New Paltz which, *inter alia,* terminated petitioner's employment with respondent Town of New Paltz.

Petitioner was the site manager of the Town of New Paltz landfill and recycling center in Ulster County prior to the disciplinary proceeding now under review. In September 1990, respondent Town Supervisor served on petitioner a notice of hearing with a statement of charges containing, as later amended, eight charges alleging misconduct and/or incompe-

tency under Civil Service Law § 75. The charges specified petitioner's violations during 1989 and 1990 of the New Paltz Town Code, the Town of New Paltz Code of Ethics (Local Laws, 1970, No. 6 of Town of New Paltz § 3), and Town policy regarding petitioner's operation of the landfill and performance of his duties. After petitioner answered, a Hearing Officer was designated and a hearing on the charges was held (see, Civil Service Law § 75 [2]). Petitioner and the Supervisor submitted memoranda of proposed findings of fact and conclusions of law. The Hearing Officer concluded that the Supervisor had proved by substantial evidence five of the eight charges, and recommended petitioner's dismissal based on his guilt of five "very serious counts of misconduct" in his official capacity. The Hearing Officer did not hold a penalty phase hearing in view of the parties' stipulation that petitioner had never been subject to any prior disciplinary proceedings and the fact that the parties had been given the opportunity to address the penalty issue in their posthearing memoranda. Respondent Town Board adopted the Hearing Officer's recommendation.

Petitioner commenced this CPLR article 78 proceeding seeking, inter alia, annulment of the Town Board's determination, reinstatement and remand for a penalty hearing. Supreme Court properly transferred the proceeding to this Court (see, CPLR 7804 [g]). Petitioner contends on review that substantial evidence was lacking to support the determination that petitioner was guilty of five charges of misconduct; that he was denied a fair hearing, due process and equal protection when the Hearing Officer failed to hold a separate penalty phase of the hearing; and that the Hearing Officer improperly relied on impressions of petitioner's attitude and demeanor, i.e., uncharged conduct, in making his recommendation.

A quasi-judicial agency determination made after an evidentiary hearing held by direction of law will be upheld where, on the full record, it is supported by substantial evidence (see, Matter of Pell v Board of Educ., 34 NY2d 222, 231; Matter of Bevacqua v Sobol, 176 AD2d 1, 3; see also, CPLR 7803 [4]). Determinations of fact and inferences drawn from the evidence are conclusive if supported by substantial evidence (see, Matter of Di Maria v Ross, 52 NY2d 771, 772).

Of the eight charges of misconduct and/or incompetency, five were sustained, i.e., counts I, II, III, V and VII. Charges III' and V involved violations of the Town Code. Charge III alleged that petitioner sold a camper trailer from the landfill

for $90 and kept the money for personal use. Town Code § 66-17 requires written permission from the Town Board before any article deposited in the landfill may be removed. Such consent was never given. Petitioner admitted selling the camper but claimed that it was his own property. Petitioner admitted, however, that he never paid for the trailer and that he had charged the person who had dumped the camper for recycling. The testimony of several witnesses supported the determination that the camper was Town property, which petitioner improperly sold and retained the proceeds thereof, as charged.

Charge V alleged that in August 1990 petitioner authorized a police officer assisting in a police investigation of the landfill to dump materials in the landfill after the officer informed petitioner the materials originated outside the Town, in violation of Town Code § 66-9 which prohibits dumping out-of-Town garbage in the landfill. While petitioner denied any conversation regarding the origin of the garbage, the testimony of the officer and the former Town Highway Supervisor supported the finding that petitioner improperly permitted dumping of out-of-Town garbage.

Charge II averred that petitioner violated the Town Code of Ethics when, in December 1989, he accepted a $250 cash gift from Ulster Sanitation which he did not report to his supervisor. Local Laws, 1970, No. 6 of the Town of New Paltz § 3 (a) prohibits Town employees from accepting a gift with a value of $25 or more. Petitioner admitted in his answer receiving a cash gift, but denied knowing the amount of the gift or that it exceeded the ethics code limit. The finding that petitioner received and did not report this $250 gift is fully supported by the testimony of Ulster Sanitation's vice-president, and two landfill employees who counted the money shortly after it was given to petitioner.

Additionally, the Town Board sustained two charges for petitioner's violation of established Town policy. Charge I pertained to petitioner's conduct in April 1990 in issuing a false receipt for a dumping charge—when material was not dumped and there was no charge—and destroying the Town duplicates of the receipt. The guilty finding was amply supported by the testimony of landfill employees who observed petitioner's conduct and retrieved the discarded duplicates, and by petitioner's admission that he issued the false receipt to accommodate a customer who wanted to bill a third party.

Charge VII alleged that in June 1990, on a regular basis, petitioner removed large quantities of compost from the landfill in his personal trucks, in violation of the established landfill policy which permits residents to remove only small quantities of compost for personal use. Three Town employees testified that large amounts of landfill compost were removed in petitioner's trucks and that the drivers indicated they were working for petitioner. Petitioner called the drivers, who testified that they borrowed petitioner's truck and took the compost to their own residences and not for petitioner. The Hearing Officer credited the Town's witnesses, which supported the determination that petitioner was guilty of charge VII. Thus, substantial record evidence was present to support each of the charges sustained.

Petitioner further argues that the failure of the Hearing Officer to hold a separate penalty phase of the disciplinary proceeding denied him a fair hearing, due process and equal protection, relying on *Matter of Bigelow v Board of Trustees* (63 NY2d 470, 474). The parties stipulated on the record that petitioner had no prior disciplinary matters in his employment file. The parties were put on notice by the Hearing Officer at the outset and again at the end of the hearing that a separate penalty hearing might be considered unnecessary if they agreed to such a stipulation. Petitioner had ample opportunity to request a penalty hearing and yet failed to do so, and never objected to dispensing with such a hearing or made an offer of proof of mitigating factors he might introduce thereat. Indeed, when the Hearing Officer requested written closing statements, he gave both parties an open-ended post-hearing opportunity to submit additional materials for consideration in the form of proposed findings of fact, conclusions of law and recommendations, which afforded petitioner a full opportunity to address his prior good record and the penalty issue. Petitioner did not and does not now on appeal argue that there was something favorable in his record or past which he was not afforded an opportunity to address. By failing to make a request or object to the proceeding, petitioner failed to preserve this issue and on this record we see no reason to review it *(see, Matter of Town of Minerva v Essex County Indus. Dev. Agency,* 173 AD2d 1054, 1055, *lv denied* 78 NY2d 857). Neither *Matter of Bigelow v Board of Trustees (supra)* nor Civil Service Law § 75 requires a separate penalty phase of the hearing under the circumstances of the instant case.

Finally, we find meritless petitioner's contention that the Hearing Officer improperly relied on uncharged conduct in making his determination and recommendation. The Hearing Officer clearly based his determination on specific and distinct findings as to each charge sustained; the dismissal recommendation was based on his finding that petitioner was guilty of five "very serious counts of misconduct" in his official capacity, had breached the public trust and extended favoritism to himself and others. The Hearing Officer's remarks regarding petitioner's demeanor and improbable testimony were within the scope of his duty to assess credibility. There is no record support for the contention that the determination or penalty recommendation was based on uncharged conduct (cf., *Matter of Ahsaf v Nyquist,* 37 NY2d 182).

We have reviewed petitioner's remaining contentions and conclude that they are without merit.

Mikoll, J. P., Mercure, Mahoney and Casey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.