■ In the Matter of PATRICIA HERBISON, Appellant, v BOARD OF EDUCATION OF THE CARMEL CENTRAL SCHOOL DISTRICT, Respondent. [638 NYS2d 678] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Education of the Carmel Central School District, dated December 22, 1993, which, after a hearing, discharged the petitioner from her employment as a school bus driver, the petitioner appeals from a judgment of the Supreme Court, Orange County (Lange, J.), dated August 12, 1994, which denied the petition.

Ordered that the judgment is affirmed, with costs.

On April 23, 1993, the petitioner, while driving a school bus in the course of her employment, struck another vehicle in the rear as the other vehicle was stopped, waiting to make a left turn. The deputy sheriff investigating the accident issued the petitioner a summons, and the Board of Education of the Carmel Central School District (hereinafter the School District) preferred intradepartmental charges against her.

On April 28, 1993, the petitioner and the School District entered into a written agreement pursuant to which the petitioner waived a hearing and accepted a 20-day suspension without pay as punishment for her "use of poor judgment in the operation of a school bus", as well as for moving the school bus from the accident scene without authorization. This suspension was mandated by Administrative Regulation B (5) contained in the School District's School Bus Drivers' Handbook, which provides that a school bus driver who receives a "*citation* for any traffic violation while operating a school bus, other than a parking violation[,] shall be *suspended* from driving pending an informal hearing with district administration" (emphasis supplied).

On September 14, 1993, the petitioner was convicted of violating Vehicle and Traffic Law § 1180 (e), for not driving at

an "appropriately reduced speed" when approaching an intersection on the occasion of the April 23, 1993, accident. Following a hearing, the petitioner was discharged from her employment pursuant to Administrative Regulation B (2), which requires the District to *terminate* any driver who is *convicted* of speeding while operating a school bus.

Contrary to the petitioner's contentions, the School District was not precluded from discharging her from her employment as a school bus driver upon her conviction of violating Vehicle and Traffic Law § 1180 (e) merely because she had earlier signed an agreement consenting to a 20-day suspension in connection with the same incident. As noted above, the suspension was authorized by Administrative Regulation B (5), based upon the petitioner's receipt of a citation, while her termination was mandated by Administrative Regulation B (2), following her conviction for speeding.

Furthermore, there is substantial evidence in the record supporting the conclusion that the School District did not waive its right to impose the further penalty required by Administrative Regulation B (2) when it suspended the petitioner pursuant to Administrative Regulation B (5) in April 1993 *(see, e.g., Matter of Di Maria v Ross,* 52 NY2d 771, 772; *Matter of Pell v Board of Educ.,* 34 NY2d 222, 231; *Matter of Bevacqua v Sobol,* 176 AD2d 1, 3; *see also,* CPLR 7803 [4]). At the hearing the School District's witnesses testified that the petitioner had been expressly warned at the April 28, 1993, meeting, when she voluntarily entered into the written suspension agreement with the respondent, that she would be subject to additional charges and a further penalty (possibly including termination) if she were subsequently convicted of speeding by a court *(see, e.g., Van Wagner Adv. Corp. v S & M Enters.,* 67 NY2d 186, 191; *Paroff v Muss,* 171 AD2d 782).

We have reviewed the petitioner's remaining contentions and find them to be without merit *(see, e.g., Matter of Finigan v Lent,* 189 AD2d 935). Ritter, J. P., Altman, Friedmann and Florio, JJ., concur.