[897 NE2d 1056, 868 NYS2d 575]

JEAN BOUDREAUX et al., Appellants, v STATE OF LOUISIANA, DEPARTMENT OF TRANSPORTATION et al., Respondents.

Argued September 9, 2008; decided October 28, 2008

## POINTS OF COUNSEL

*Folkenflik & McGerity,* New York City (*Max Folkenflik* of counsel), for appellants. I. Under the Full Faith and Credit Clause of the US Constitution, the Louisiana judgment is required to be filed and enforced in accordance with New York enforcement law. (*1544-48 Props. v Maitre,* 184 Misc 2d 984; *Nevada v Hall,* 440 US 410; *Ehrlich-Bober & Co. v University of Houston,* 49 NY2d 574; *Deutsche Bank Sec., Inc. v Montana Bd. of Invs.,* 7 NY3d 65; *Clark v Williard,* 294 US 211; *Chicago, R. I. & P. R. Co. v Sturm,* 174 US 710; *Baker v General Motors Corp.,* 522 US 222; *Morris Plan Indus. Bank of N.Y. v Gunning,* 295 NY 324; *People's Natl. Bank v Hitchcock,* 104 Misc 2d 647; *Matter of Horton,* 91 Misc 2d 885.) II. The statutory scheme of CPLR article 54 requires filing and docketing. (*Fauntleroy v Lum,* 210 US 230; *Stanford v Utley,* 341 F2d 265; *Home Port Rentals, Inc. v International Yachting Group, Inc.,* 252 F3d 399.) III. The technical corrections requested in the order to show cause should be granted. (*Kiker v Nassau County,* 85 NY2d 879.)

*Orrick, Herrington & Sutcliffe LLP,* New York City (*Michael Stolper* and *Sarah Walcavich* of counsel), for respondents. I. The Full Faith and Credit Clause of the United States Constitution requires New York to recognize Louisiana's limited waiver of sovereign immunity and reject docketing of this Louisiana state court judgment against Louisiana. (*Matter of Farmland Dairies v Barber,* 65 NY2d 51; *Underwriters Nat. Assurance Co.*

*v North Carolina Life & Accident & Health Ins. Guaranty Assn.,*
455 US 691; *New York ex rel. Halvey v Halvey,* 330 US 610; *Kovacs v Brewer,* 356 US 604; *Nevada v Hall,* 440 US 410.) II. Appellants' foreign judgment cannot be docketed in New York because it is stayed as a matter of law in the rendering state.

## OPINION OF THE COURT

CIPARICK, J.

This appeal calls upon us to determine whether the Full Faith and Credit Clause of the United States Constitution and the doctrine of comity require New York courts to enforce a money judgment against the State of Louisiana, Department of Transportation (DOT) when such judgment is unenforceable in Louisiana due to constitutional and statutory limitations. We conclude that New York courts are not required to enforce such a money judgment.

In April 1983, flood waters damaged a large number of homes and businesses in Tangipahoa Parish, Louisiana. Plaintiffs Jean Boudreaux and other victims of the flood commenced a class action[1] against the State of Louisiana and various other defendants alleging that the Louisiana DOT disrupted the Tangipahoa River's natural flood plain by negligently constructing the Interstate 12 bridge, thereby causing backwater to submerge plaintiffs' surrounding homes and properties. After prevailing on the issue of liability and exhausting several appeals, plaintiffs were awarded $91,846,957.04 in damages, plus interest from April 10, 1984. Although plaintiffs have docketed the judgment in 18 Louisiana parishes, they have not been able to recover any portion of the judgment.

In August 2006, plaintiffs attempted to docket the judgment in New York County pursuant to CPLR article 54 so they might reach any assets owned by the State of Louisiana located within the State of New York. A clerk of Supreme Court declined to accept the filing of the judgment, citing two technical defects.[2] Plaintiffs then moved for leave to correct the deficiencies, which Supreme Court orally denied. The Appellate Division, with one Justice dissenting, affirmed, holding that since plaintiffs' judg-

---

1. There are 1,286 plaintiffs within the class.

2. The clerk informed plaintiffs' counsel that: (1) the portions of the judgment which were in favor of the class required a named judgment creditor or the name and office address of the attorney for the judgment creditor (*see* CPLR 5018 [c] [1] [ii], [vii]) and (2) the clerk could not compute and enter prejudgment interest on a non-New York judgment.

ment does not become " 'payable' " against the State of Louisiana until its legislature appropriates the necessary monies to pay the judgment it cannot be enforced in the State of New York, and that as a matter of comity, New York State courts should defer to the laws of Louisiana (49 AD3d 238, 241 [2008]). The dissent concluded that public policy requires enforcement of the judgment. Plaintiffs appealed as of right on constitutional grounds and we now affirm.

Plaintiffs argue that Louisiana waived sovereign immunity in article XII, § 10 (A) of its Constitution.[3] Plaintiffs acknowledge, however, that there are constitutional and statutory limitations on a judgment creditor's ability to seize property of the State of Louisiana to satisfy a judgment. Indeed, article XII, § 10 (C) of the Louisiana Constitution provides that: "[n]o judgment against the state, a state agency, or a political subdivision shall be exigible, payable, or paid except from funds appropriated therefor by the legislature or by the political subdivision against which the judgment is rendered." Further, Louisiana Revised Statutes Annotated § 13:5109 (B) (2) requires that:

> "[a]ny judgment rendered in any suit filed against the state, a state agency, or a political subdivision, or any compromise reached in favor of the plaintiff or plaintiffs in any such suit shall be exigible, payable, and paid only out of funds appropriated for that purpose by the legislature, if the suit was filed against the state or a state agency, or out of funds appropriated for that purpose by the named political subdivision, if the suit was filed against a political subdivision."

In seeking to enforce the Louisiana judgment in New York, plaintiffs attempt to circumvent Louisiana's clear mandate that no judgment rendered against it shall be paid unless its legislature appropriates funds. Plaintiffs argue that the Full Faith and Credit Clause[4] requires that the Louisiana judgment be enforced in accordance with New York law. As we noted in

---

**3.** The section provides: "No Immunity in Contract and Tort. Neither the state, a state agency, nor a political subdivision shall be immune from suit and liability in contract or for injury to person or property."

**4.** Article IV, § 1 of the United States Constitution requires that: "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof."

*O'Connell v Corcoran* (1 NY3d 179, 185 [2003]), however, what the Full Faith and Credit Clause requires is that a court provide a foreign judgment with the same credit, validity, and effect that it would have in the state that pronounced it. Certainly, Louisiana courts are aware that a judgment creditor can be left without a remedy when its legislature refuses to appropriate the funds necessary to satisfy a judgment, as is the case here. In *Newman Marchive Partnership, Inc. v City of Shreveport* (979 So 2d 1262 [La 2008]) the Louisiana Supreme Court stated that:

> "We recognize, as have courts before us, that our holding today effectively provides [a plaintiff] a right without a remedy . . . However, as the judicial branch, like all branches, derives its power from the constitution, we are bound to accept the limitations placed upon us by that document. Although article V, section 1 grants our branch the judicial power—a power which would seemingly carry with it the inherent ability to enforce judgments—the constitution otherwise limits that power when judgments are rendered against the state and its political subdivisions, and places enforcement of such judgments in the legislature" (*id.* at 1270 [internal quotation marks and citations omitted]).

Thus, what plaintiffs seek is for the courts of New York to enforce a judgment that cannot be enforced in Louisiana. As we stated in *Matter of Farmland Dairies v Barber* (65 NY2d 51 [1985]) the Full Faith and Credit Clause requires

> "that the public acts, records and judicial proceedings of each State shall be given full faith and credit in every other State. The doctrine does not make a foreign State judgment a judgment in the forum State. Before that occurs and a locus remedy may be obtained, an action must be brought and a judgment entered on the foreign judgment in the forum State . . . [I]f the foreign court had jurisdiction . . . the courts of every other State must give it the same credit, validity and effect as it has in the State which rendered it" (*id.* at 55 [citations omitted]).

Contrary to plaintiffs' assertion, we conclude that neither the Full Faith and Credit Clause nor CPLR article 54 requires the enforcement of the Louisiana judgment in New York State.

■ Nor is it required as a matter of comity. In applying the doctrine of comity, we defer to the Constitution of Louisiana

and the public policy embodied within the statute enacted by its legislature. As we stated in *Ehrlich-Bober & Co. v University of Houston* (49 NY2d 574 [1980]) comity is not a rule of law, but a voluntary decision by one state to defer to the policy of another, especially "in the face of a strong assertion of interest by the other jurisdiction" (*id.* at 580).

Louisiana has expressed its public policy and its own courts have recognized its validity. We agree with the Appellate Division that there is no compelling interest in providing New York as a forum for redress in this case. Indeed, the flood that caused the damage suffered by plaintiffs occurred in Louisiana and all litigation that arose from the flood was brought in Louisiana. The rights of New Yorkers are not involved in this matter at all. Based upon the facts of this case, it is clear that the "wise policy [is] . . . to respect [Louisiana's] established limits on liability" (*Nevada v Hall*, 440 US 410, 426 [1979]).

Accordingly, the order of the Appellate Division should be affirmed, with costs.

Chief Judge KAYE and Judges GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order affirmed, with costs.