■ In the Matter of HEATH FARABELL, Petitioner, v TOWN OF MACEDON, Respondent. [877 NYS2d 796]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Wayne County [John J. Ark, J.], entered June 3, 2008) to annul a determination of respondent. The determination terminated petitioner's employment.

It is hereby ordered that the determination is unanimously modified on the law and the petition is granted in part by an-

nulling that part of the determination finding petitioner guilty of charge one and as modified the determination is confirmed without costs.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination terminating his employment as a police officer for respondent following a hearing conducted pursuant to Civil Service Law § 75. Petitioner was terminated based on three charges: charge one, alleging that he was unable to serve as a police officer pursuant to Town Law § 151; charge two, alleging that he had intentionally given false answers on his application for employment as a police officer; and charge three, alleging that he had failed to document his overtime properly.

Supreme Court issued a "DECISION and ORDER" in which it concluded that the determination on charge one was erroneous as a matter of law and that the determination on charge three should be sustained. The court then transferred to this Court the issue whether the determination on charge two is supported by substantial evidence. Respondent filed a notice of appeal and moved, inter alia, to consolidate its appeal with the transferred proceeding. We dismissed that part of the motion seeking consolidation as "unnecessary." Contrary to petitioner's contention, our order deciding respondent's motion does not preclude respondent from challenging the court's determination with respect to charge one. "Because resolution of the issues with respect to [charges one and three] would not have 'terminate[d] the proceeding' within the meaning of CPLR 7804 (g) . . . , Supreme Court erred in deciding [those issues]" (*Matter of Pieczonka v Jewett*, 273 AD2d 842, 842 [2000]). Inasmuch as the matter is now before us, however, we may decide the issues de novo.

We agree with petitioner with respect to charge one that Town Law § 151 does not disqualify him from serving as a police officer in New York State, and we therefore modify the determination accordingly. Town Law § 151, inter alia, precludes individuals with felony convictions from serving as police officers in New York State. In 1995 petitioner entered a plea nolo contendere with adjudication withheld in Florida to a charge of dealing in stolen property, which is a felony (*see* Fla Stat Ann § 812.019 [1]). It is undisputed, however, that such a plea does not constitute a conviction under Florida law (*see Montgomery v State*, 897 So 2d 1282, 1287 [Fla 2005]; *Garron v State*, 528 So 2d 353, 360 [Fla 1988]). Thus, respondent mistakenly relies on the Full Faith and Credit Clause of the US Constitution in contending that we treat the Florida plea as a felony conviction.

In accordance with the Full Faith and Credit Clause of the US Constitution (US Const, art IV, § 1), "a judgment of a state court should have the same credit, validity, *and effect*, in every other court of the United States, which it had in the state where it was pronounced" (*Boudreaux v State of La., Dept. of Transp.*, 49 AD3d 238, 240 [2008], *affd* 11 NY3d 321 [2008] [internal quotation marks omitted]). Here, petitioner was not "convicted" of a felony in Florida, nor does Town Law § 151 contain any language prohibiting an individual with the functional equivalent of a felony conviction from serving as a police officer.

Respondent also mistakenly relies on the Full Faith and Credit Clause in contending that, because Florida would prohibit petitioner from serving as a police officer based on his plea, New York should also prohibit him from serving as a police officer. In enacting Town Law § 151, New York has established its own statutory scheme to determine what events disqualify an individual from serving as a police officer in New York State. Although Florida would disqualify petitioner based on his plea, we cannot agree with respondent that the Full Faith and Credit Clause requires New York to do the same. While this Court of course respects the will of the Florida Legislature, the New York Legislature has spoken on this issue and, under New York law, petitioner's plea does not automatically disqualify petitioner from serving as a police officer (*see id.*).

We reject the contention of petitioner, however, that the determination with respect to charges two and three is erroneous as a matter of law. Petitioner contends that respondent failed to make an informed decision based upon an independent appraisal because the determination was issued immediately following the submission of the Hearing Officer's report. There is nothing in the record to support that contention and, "in the absence of a 'clear' revelation that the administrative body 'made no independent appraisal and reached no independent conclusion,' its decision will not be disturbed" (*Matter of Taub v Pirnie*, 3 NY2d 188, 195 [1957]; *see Matter of New York Pub. Interest Research Group Straphangers Campaign v Metropolitan Transp. Auth.*, 309 AD2d 127, 139 [2003], *lv denied* 100 NY2d 513 [2003]). We reject petitioner's further contention that the Hearing Officer relied upon misconduct outside the scope of the charges (*see Matter of Finigan v Lent*, 189 AD2d 935, 939 [1993], *appeal dismissed* 81 NY2d 1067 [1993], *lv denied* 82 NY2d 657 [1993]; *cf. Matter of Ahsaf v Nyquist*, 37 NY2d 182, 185-186 [1975]). "[A] review of the Hearing Officer's decision reveals that any references made to uncharged conduct were necessary to refute petitioner's attempts to explain [petitioner's] behavior" (*Matter of Rounds v Town of Vestal*, 15 AD3d 819, 822 [2005]).

Petitioner further contends that the Hearing Officer improperly relied upon evidence outside the record. We reject that contention. In his findings and recommendation, the Hearing Officer cited "the transcript of the interview of Richard Meade (E-17)." That transcript was in fact exhibit E-16 and was admitted in evidence, while exhibit E-17 was the sworn statement of Richard Meade but was not admitted in evidence. It is "reasonable to conclude that [such error] was . . . typographical," and we consider it harmless (*Matter of S. & J. Pharmacies v Axelrod*, 91 AD2d 1131, 1133 [1983]). We reject petitioner's contention that the Hearing Officer erred in admitting in evidence a hearsay statement from a Florida witness (*see* Civil Service Law § 75 [2]; *Matter of Hoffman v Village of Sidney*, 252 AD2d 844, 845 [1998]; *see generally Matter of Gray v Adduci*, 73 NY2d 741, 742 [1988]). Contrary to the contention of petitioner, he was not denied a fair hearing based on his inability to confront and cross-examine the Florida witness inasmuch as he was free to subpoena that witness (*see Matter of Radoff v Board of Educ. of City of N.Y.*, 99 AD2d 840, 841 [1984], *affd* 64 NY2d 90 [1984]; *Matter of Schloer v Commissioner of Dept. of Motor Vehs.*, 110 AD2d 1010 [1985], *lv denied* 65 NY2d 606 [1985]). Also contrary to petitioner's contention, the Hearing Officer properly admitted in evidence exhibits E-13 and E-16. Those documents were relevant to refute petitioner's testimony.

Petitioner further contends that charge three was "fatally vague" because it did not adequately inform him of the misconduct alleged or the dates and times of the alleged misconduct. We conclude that petitioner waived that contention by failing to request greater specificity or additional time in which to prepare a defense either before or during the hearing (*see Matter of Thomas v County of Westchester*, 181 AD2d 900 [1992]; *see also Matter of Multari v Town of Stony Point*, 99 AD2d 838, 839 [1984]). In any event, we conclude that charge three was sufficiently specific to apprise petitioner of the charges against him and to enable him "to adequately prepare a defense" (*Rounds*, 15 AD3d at 822; *see Matter of Block v Ambach*, 73 NY2d 323, 333 [1989]; *Matter of Auxier v Town of Laurens*, 23 AD3d 912, 913 [2005]).

Finally, we have reviewed the evidence adduced at the Civil Service Law § 75 hearing and conclude that there is substantial evidence to support the determination with respect to charges two and three (*see generally Matter of Berenhaus v Ward*, 70 NY2d 436, 443 [1987]; *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180-181 [1978]). Present— Hurlbutt, J.P., Smith, Fahey, Green and Pine, JJ.