Matter of Kennedy v New York State Off. for People With Dev. Disabilities (2019 NY Slip Op 04834)





Matter of Kennedy v New York State Off. for People With Dev. Disabilities


2019 NY Slip Op 04834


Decided on June 14, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 14, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, TROUTMAN, AND WINSLOW, JJ.


417 TP 18-01738

[*1]IN THE MATTER OF JOHN KENNEDY, PETITIONER,
v
NEW YORK STATE OFFICE FOR PEOPLE WITH DEVELOPMENTAL DISABILITIES AND KERRY DELANEY, ACTING COMMISSIONER, NEW YORK STATE OFFICE FOR PEOPLE WITH DEVELOPMENTAL DISABILITIES, RESPONDENTS. 






D. JEFFREY GOSCH, SYRACUSE, FOR PETITIONER.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (KATHLEEN M. TREASURE OF COUNSEL), FOR RESPONDENTS. 


 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Onondaga County [James P. Murphy, J.], entered February 5, 2018) to review a determination of respondents. The determination terminated petitioner's employment. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination finding him guilty of disciplinary charges and terminating his employment as associate personnel administrator for respondent New York State Office for People with Developmental Disabilities (OPDD) following a hearing pursuant to Civil Service Law § 75. The charges arose after a romantic relationship between petitioner and a coworker ended acrimoniously. The notice of disciplinary charges (notice) alleged that petitioner made numerous prank telephone calls to the coworker, mailed letters disparaging the coworker to other male employees of OPDD, and mailed packages containing underwear and notes disparaging the coworker to one particular individual. The notice further alleged that, when he was questioned by OPDD about the allegations of harassment, petitioner made numerous false statements to the interviewers.
Following a hearing, the Hearing Officer dismissed all but one of the allegations of harassment as untimely under Civil Service Law § 75 (4), but determined that petitioner was guilty of the sole remaining allegation of harassment, i.e., sending a package to one male employee of OPDD that contained a pair of women's underwear and a note suggesting that the employee may have contracted a sexually transmitted disease from the coworker. The Hearing Officer further determined that petitioner made three false statements during his questioning by OPDD. Based on those determinations, the Hearing Officer recommended that petitioner be terminated. Respondent Kerry Delaney, Acting Commissioner of OPDD adopted the findings of fact of the Hearing Officer and confirmed the penalty of dismissal.
Contrary to petitioner's contention, he was not entitled to question the Hearing Officer to determine if there was any basis to argue that the Hearing Officer was biased. "There is a presumption of integrity on those serving as adjudicators . . . and hearing officers are presumed to be free from bias" (Matter of Donlon v Mills, 260 AD2d 971, 974 [3d Dept 1999], lv denied 94 NY2d 752 [1999]; see Matter of Bruso v Clinton County, 139 AD3d 1169, 1170 [3d Dept 2016]). Inasmuch as petitioner failed to establish any reason to question the Hearing Officer's impartiality, we see no basis to annul the determination on that ground (cf. Matter of Romeo v [*2]Union Free School Dist., No. 3, Town of Islip, 64 AD2d 664, 666 [2d Dept 1978]).
Petitioner further contends that respondents' opening statements were improper inasmuch as they, inter alia, referenced conduct underlying charges that were ultimately dismissed as well as conduct for which no charges were filed. We reject that contention. With respect to statements concerning conduct underlying the charges that were ultimately dismissed as untimely, we conclude that there was no impropriety because, had respondents established that such conduct would have constituted a crime, they would not have been untimely (see Civil Service Law § 75 [4]). With respect to statements concerning uncharged conduct, the record establishes that references to uncharged conduct were "necessary to refute petitioner's attempts to explain his behavior" and his denials of guilt of the charged misconduct (Matter of Rounds v Town of Vestal, 15 AD3d 819, 822 [3d Dept 2005]; see generally Matter of Farabell v Town of Macedon, 62 AD3d 1246, 1248 [4th Dept 2009]). In any event, the Hearing Officer "based his determination on specific and distinct findings as to each [specification] sustained; the dismissal recommendation was based on his finding that petitioner was guilty of [four] very serious [specifications] of misconduct' . . . There is no record support for the contention that the determination or penalty recommendation was based on uncharged conduct" (Matter of Finigan v Lent, 189 AD2d 935, 939 [3d Dept 1993], appeal dismissed 81 NY2d 1067 [1993], lv denied 82 NY2d 657 [1993]).
Petitioner correctly contends that the Hearing Officer erred in relying on the preponderance of the evidence standard (see Matter of Marentette v City of Canandaigua, 159 AD3d 1410, 1411 [4th Dept 2018], lv denied 31 NY3d 912 [2018]), but that error does not require us to annul the determination. "The preponderance of the evidence standard followed by the [H]earing [O]fficer is a higher standard than the substantial evidence standard petitioner asserts should have been employed. Thus, contrary to petitioner's claim, respondents were found to have satisfied a higher, rather than lower, standard of proof" (Matter of Guzman v Bratton, 161 AD3d 591, 592 [1st Dept 2018]).
Finally, we conclude that the determination is supported by substantial evidence (see generally Matter of Berenhaus v Ward, 70 NY2d 436, 443 [1987]; 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180-181 [1978]), and the penalty of termination is not " so disproportionate to the offense as to be shocking to one's sense of fairness' " and thus does not constitute an abuse of discretion as a matter of law (Matter of Kelly v Safir, 96 NY2d 32, 38 [2001], rearg denied 96 NY2d 854 [2001]).
Entered: June 14, 2019
Mark W. Bennett
Clerk of the Court